No. 20,261.

WILLIAM HENRY MARSHALL, *Appellee,* v. WILLIAM S. ANDERSON and CHARLES SWEENEY, Partners, etc., *Appellants.*

SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Injury to Servant—Premature Explosion—Negligence—Evidence.* An inexperienced shot firer was injured by a premature explosion, and recovered damages from his employer on the ground of the negligence of the latter in failing to instruct and warn him of the dangers incident to the work and in failing to furnish him with suitable and safe appliances with which to work. The evidence is examined and held to be sufficient to sustain the finding of the jury, that the injury was the result of the negligence of the defendant and not the negligence of the plaintiff.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed July 8, 1916. Affirmed.

*J. J. Campbell,* of Pittsburg, and *R. M. Sheppard,* of Joplin, Mo., for the appellants.

*F. B. Wheeler,* of Pittsburg, and *Charles Stephens,* of Columbus, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by William Henry Marshall against William S. Anderson and Charles Sweeney, members of a partnership known as The Anderson Coal Company, to recover damages for personal injuries sustained while working in the defendant's strip pit. The judgment of the trial court was in favor of the plaintiff and the defendant appeals.

The plaintiff had been working for the defendant about a year and was about twenty years old at the time of his injury. He was working under the provisions of the compensation act,

but the defendant had not elected to bring itself within that act. The accident which injured the plaintiff was the premature explosion of a blast which took place while he was engaged in his duties as a shot firer. He had been employed in this kind of work only about four or five weeks. It consisted in drilling holes down through the coal, after which a small preliminary charge called the "springer," and composed of a piece of dynamite, a dynamite cap and a fuse, was exploded at the bottom of the hole for the purpose of making an enlargement to receive the main charge of powder for the blast. After the springer had been discharged in the bottom of the hole and the powder poured into it the shot firer would then place in the hole a long iron tube, called the blasting barrel, having about a five-eighths inch opening through it. The powder was then confined by tamping clay around the blasting barrel through which a lighted fuse would be dropped to ignite the powder. In preparing the blast the first springer proved ineffective and it became necessary to fire off another springer, which was the first experience he had had with a second springer, and when it was prepared he went to the other side of the pit to procure more powder. After the second springer was fired flames were seen coming from the hole for a considerable time but the plaintiff did not see them as he was facing in the other direction and the unusual blaze was not brought to his attention. Upon returning to the hole the foreman advised him to wait a while and he waited until the foreman directed him to proceed. First he was told to sprinkle a little powder in the hole to see if it was cool enough to admit safely the charge of powder. The foreman told him it was all right to go ahead and fill it and he proceeded to pour in the powder from a can which he held in his hands, and while doing so that poured in unexpectedly exploded and caused his injuries. It was testified that the fuse used contained cotton which was likely to smoulder after being used, thus making it dangerous to pour in powder very soon after discharging the springer.

It was alleged also that the defendant was negligent in not furnishing the plaintiff with safe appliances and tools and a reasonably safe place in which to work, and that the plaintiff, who was an inexperienced workman and who relied upon the directions given him by the defendant, had not been properly

instructed in the manner of doing this work and of the dangers thereof; that the springers were composed of ingredients which would hold the heat a long time; and that the defendant had negligently failed to provide the plaintiff with a long handled dipper with which to pour the powder into the holes. In answer to these allegations the defendant alleged that the plaintiff was experienced in shot-firing; that his injuries were caused by his own negligence in refusing to use the long-handled dipper which he had been furnished and directed to use; and that when he filled the hole in question he did it knowing of its dangerous condition and in spite of warnings not to do so. The testimony upon the issues thus raised was not in accord, but the jury resolved the disputed questions in favor of the plaintiff.

It is contended by the defendant that the verdict was against the weight of evidence, and complaint is made of the court's instructions as to the defenses available to it, and also of certain instructions upon the question of contributory negligence.

The testimony, although conflicting, tends to show that the defendant was negligent in failing to instruct the plaintiff, who was inexperienced, at least as to the danger in cases where a second springer was used, and in directing him to proceed to charge the drill hole when the foreman knew or should have known that it was unsafe to do so. It appears that when a second springer is used the bottom of the hole is enlarged and the fuse of the second springer or shredded parts of it may be left in the hole and in such a condition that the ordinary test of sprinkling a little powder in the hole may not disclose the presence of fire. An experienced man should have known of the danger and guarded against it, but the plaintiff did not have the experience nor the knowledge of the effect or risk in such circumstances. It is said that the plaintiff knew that the hole had been hot, that fire was liable to cling to a shattered fuse and that when powder and fire were placed together an explosion was sure to follow, and that the injury was, therefore, the result of his own negligence rather than that of the defendant. *Hardy v. Railroad Co.,* 139 Iowa, 314, 115 N. W. 8, is cited as an authority that no liability can attach to the employer for failing to warn the powder man from charging a hole that was still hot after the use of a springer. While plaintiff knew

that he was dealing with dangerous materials, he was unacquainted with the existing conditions or the length of time necessary for the extinction of fire where a second springer had been used. The foreman had twenty-five years of experience, and besides had undertaken to instruct the plaintiff as to his duties, but had not advised him as to the dangers or the course to be pursued where a second springer had been used. The plaintiff depended upon the foreman for this information and he did not undertake to load the drill hole with powder until the foreman told him it was all right to do so and directed him to begin the loading. In the Iowa case the miner had experience and acted upon his own initiative in doing the work and therefore it was held he could not rely on the lack of warning of danger. In this case the plaintiff, lacking experience, had a right to and did rely on the instructions and directions of his foreman. There was proof, too, that the plaintiff had not been furnished with a long-handled dipper to pour the powder in the hole. Such an appliance had been provided but the handle had been broken and another handle had not been procured. It is unnecessary to recount the testimony on either ground of negligence as it was certainly enough to uphold the finding of the jury.

Complaint is made of the instructions given relating to contributory negligence but we find no error in them. The term was sufficiently defined and the issue as to the plaintiff's conduct in the affair fairly presented. Because of a provision of the compensation law contributory negligence is not a defense except that it may be considered in mitigation and reduction of damages. The trial court submitted to the jury the question whether the plaintiff was guilty of negligence that contributed to his injury and then instructed that such negligence on his part would not bar a recovery but should be considered in mitigation of the damages sustained by him.

The judgment is affirmed.