Anderson v. Surety Co.

No. 22,789.

WILLIAM S. ANDERSON and CHARLES SWEENEY, *Appellees*, v. SOUTHERN SURETY COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. INSURANCE—*Indemnity Insurance—Negligent Defense of Action by the Insurer—Liability of Insurer.* Where an insurance company insures an employer of labor against loss or damage on account of injuries sustained by his employees, takes charge of the defense in an action brought by an injured workman, and through negligence in not properly conducting the defense judgment is obtained against the employer for an amount in excess of that named in the policy, the insurance company is liable to the employer for the damages thus occasioned.

2. SAME—*Action Against Insurer for Damages for Its Negligence—Unavailable Defenses.* In an action brought by such an employer to recover from the insurance company the damages thus sustained, where the company could have set up as a defense in the action by the employee that he and the plaintiffs were engaged in using dynamite in a coal mine in violation of law, and that the injury to the employee was thereby occasioned, that fact cannot be set up by the insurance company as a defense.

3. SAME—*Contributory Negligence of Insured.* The employer is not guilty of contributory negligence where he employed an attorney to assist in the defense, who had no control over the litigation, and who only did those things he was required to do.

4. SAME—*Causes of Action Stated in Petition Not Inconsistent.* Causes of action based on acts of negligence alleged in a petition are not inconsistent with each other when they can stand together, when one does not defeat the other, and the truth of one does not disprove the truth of the other.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed July 10, 1920. Affirmed.

*W. E. Zeigler, F. S. Jackson, A. M. Etchen,* all of Coffeyville, *J. P. McCammon, W. J. Owen,* and *R. H. Davis,* all of Joplin, Mo., for the appellant.

*E. L. Burton,* of Parsons, *C. S. Denison,* and *John L. Kirkpatrick,* both of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment for damages on account of its negligence in conducting the defense in an action against the plaintiffs. Elaborate findings of fact were made by the court, a brief summary of which is as follows:

Plaintiff William S. Anderson was engaged in mining coal from a strip-pit coal mine. He obtained a policy of insurance from the Missouri Fidelity and Casualty Company, insuring the plaintiff in the sum of $5,000 against loss or damage on account of accidents resulting in bodily injury to any one person employed in the operation of the mine. Afterward plaintiff Charles Sweeney, with the knowledge and consent of that company, became a partner of plaintiff William S. Anderson in the operation of the coal mine, and later the defendant succeeded to the rights and obligations of the Missouri Fidelity and Casualty Company under the policy. William Henry Marshall was employed by the plaintiffs as shot-firer in their coal mine. He performed his work in the following manner: After the surface earth and stone had been removed from the coal, a hole was drilled through the coal to a depth of about twenty-six inches, into which a piece of dynamite was placed and exploded by detonation, after which a quantity of black blasting powder was poured into the hole, and that powder was exploded by ignition. Marshall was injured by an explosion of black blasting powder in a hole into which he had poured the powder after he had exploded a piece of dynamite therein. Marshall sued the plaintiffs for damages. Under the terms of the policy the defendant had the right to defend in that action and did conduct the defense. The defendant's attorneys in that action prepared the answer, but they did not plead that Marshall was using dynamite in the mine in violation of sections 6326 and 6328 of the General Statutes of 1915. Trial was had, which resulted in a verdict in favor of the plaintiff for $4,500. That verdict was set aside, and a new trial was granted. Before the action was again tried the plaintiff offered to compromise and settle his claim for $4,500, but the defendant refused to settle for that sum. The action was again

tried, and resulted in a judgment for $8,650. That judgment was affirmed in *Marshall v. Anderson,* 98 Kan. 573, 158 Pac. 1116. The defendant paid $5,415.09 on that judgment; the plaintiffs paid the remainder. They then commenced this action to recover from the defendant the sum of $3,000 as the damages sustained by them on account of the defendant's negligence in failing to in any way set up the illegal act of Marshall in using dynamite in the coal mine, as a defense in the action brought by him, and in failing to compromise and settle the claim of Marshall for $4,500.

1. The petition in *Marshall v. Anderson,* the action out of which the present one arose, alleged that Marshall was injured by an explosion of black blasting powder in a hole in which he had just prior thereto exploded dynamite in violation of the laws of the state of Kansas. The laws referred to are sections 6326 and 6328 of the General Statutes of 1915, which are as follows:

"It shall be unlawful for any person or persons engaged in coal mining to use or cause to be used dynamite or other detonating explosives in the preparation of any blast or shot in any coal mine within the state of Kansas: *Provided, however,* That dynamite or other detonating explosives may be used under such rules and regulations as may be agreed upon between the employer and the employees, same to be approved by the state mine inspector. All rules, regulations and permits to use dynamite or other detonating explosives, as herein provided, shall be in writing." (§ 6326.)

"Any person or persons violating the provisions of section 1 of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not exceeding twenty-five dollars." (§ 6328.)

That petition also alleged that no written rules or regulations for the use of dynamite in the mine in which Marshall was working had been agreed upon between the Anderson Coal Company and its employees, nor had any rules and regulations been approved by the state mine inspector. This court had occasion to pass on these statutes in *Richards v. Coal Co.,* 104 Kan. 330, 179 Pac. 380, where this court said:

"The act applies to strip-pit coal mines.

"A shot-firer in a strip-pit coal mine comes within the provisions of the act making it unlawful for any person engaged in coal mining to use dynamite in the preparation of any blast or shot in any coal mine within the state.

"Such a shot-firer, using dynamite in the preparation of a blast in

violation of the act, cannot recover damages for injury sustained by him in the explosion of dynamite with which he was working, if it is necessary for him to prove its illegal use as a part of his case." (Syl. ¶¶ 2, 3, 4.)

If a demurrer to the petition in *Marshall v. Anderson* had been interposed, it should have been sustained. An answer could have been filed in which the unlawful use of dynamite could have been pleaded, and if proved, it would have been a complete defense. If the evidence of Marshall introduced on the trial had disclosed that he was using dynamite in violation of law at the time he was injured, a demurrer to his evidence should have been sustained. None of these things were done. That it was negligence on the part of the defendant not to do one of these things cannot be successfully disputed. In *Attleboro Mfg. Co. v. Frankfort M. Acc. & P. G. Ins. Co.*, 171 Fed. 495, it was held that:

"Where an insurer under an employers' liability policy on being notified of an action for injuries to insured's servant assumed the defense thereof, and was negligent in conducting the suit, to the loss of the employer, the latter was entitled to sue the insurance company for breach of its implied contract to exercise reasonable care in conducting the suit or in tort for negligence." (Syl. ¶ 2.)

In that case the limit of liability was $5,000. On account of the negligence of the insurance company, judgment was obtained for $17,343.81. The action was commenced against the insurance company to recover $12,343.81. Judgment was rendered for $5,437.17, and an appeal was taken to the United States circuit court of appeals, first circuit, where it was held that the insurance company was liable for negligence in its defense in the action, but the judgment was reversed and remanded for further proceedings on other grounds. (*Attleboro Mfg. Co. v. Frankfort Marine, etc., Ins. Co.*, 153 C. C. A. 377, 240 Fed. 573.) The opinion of the United States circuit court of appeals is also reported in 17 N. C. C. A., 1068, where a note is found on the "liability of indemnity insurance company for negligence or bad faith in defending or settling action against injured." (See, also, *G. & M. L. M. Co. v. E. L. A. Cor.*, 117 Iowa, 180.)

2. To avoid the consequences of its negligence in defending the former action, the defendant argues that the plaintiffs cannot recover in this action for the reason that they were permit-

ting Marshall to use dynamite in violation of law when he was injured. The present action does not arise out of the violation of law, but arises out of the negligence of the defendant in not setting up the violation of law as a defense in the former action. While defending in the former action, the defendant should have in some way made this defense known to the court, and it cannot now set up the matter to relieve itself of the payment of the damages caused by its negligence.

3. Another reason advanced by the defendant for its nonliability is, that the plaintiffs employed able counsel of their own to represent them in the former action, and that they were therefore guilty of contributory negligence because their attorney did not set up this defense. The trial court found that—

"Under the terms and provisions of said policy of insurance plaintiffs Anderson and Sweeney, at their own expense, and with the knowledge and consent of defendant, employed one John J. Campbell, to coöperate with and render all reasonable assistance to defendant's attorney, R. M. Sheppard, in the defense or settlement of said action for damages, . . . and that he rendered such services and assistance from time to time as he was called upon by said Sheppard to render."

There is nothing in the findings to show that the defendant in the present action did not take complete control of the defense in the former one. There is in the findings of the court that which indicates that the plaintiffs' attorney had no control over the litigation whatever, that he was hired to do what he was told to do, and that he was not hired to do anything except what he was told to do. There was nothing in the employment of the attorney for the plaintiffs nor in the service rendered by him in the litigation that sustains a charge of contributory negligence against the plaintiffs.

The defendant had an opportunity to settle Marshall's claim for $4,500, but it refused to settle for that amount, although it seems that its attorney had taken the matter up with it, and that the attorney for the plaintiffs was urging a settlement. The defendant elected to fight. It could have fought successfully; through its negligence it did not, and lost, and now it must bear the consequences.

4. At the opening of the trial the defendant moved the court to require the plaintiffs to elect on which act of negligence alleged in the petition it would proceed to trial. That motion was denied, and the defendant complains of the order

denying the motion. The defendant argues that the two acts of negligence alleged were inconsistent with each other. Causes of action are inconsistent with each other when they cannot stand together; when if one is true the other cannot be true; when one defeats the other. (4 Words and Phrases, p. 3511; 2 Words and Phrases, second series [1914]), p. 1013. The same rule applies to defenses. The two acts of negligence alleged by the plaintiffs were not inconsistent with each other; they could stand together; one did not defeat the other. The truth of one did not disprove the truth of the other; both might have been true. The defendant could have been negligent in either or both of the instances alleged—in failing to present the illegal act of Marshall as a defense, and in failing to accept the compromise offered by him. It was therefore not error for the court to deny the defendant's motion.

Other questions have been presented. They have been examined, but there is nothing in them that justifies further discussion.

The judgment is affirmed.