**PRICE, Plaintiff-Appellee, v. CLEVELAND TRUST COM-PANY, et., Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19647.    Decided December 27, 1944.

MONTGOMERY, P. J., SHERICK, J., of the Fifth District and DOYLE, J., of the Ninth District sitting by designation.

Harrison & Marshman, Cleveland, for plaintiff-appellee.
Miller, Daus & Schwenger, Cleveland, for defendants-appellants.

## OPINION

By DOYLE, J.

In writing on this appeal, it is not deemed necessary to restate the contents of the various pleadings and judgments, all of which are well known to counsel. The following principles of law and conclusions we believe to be determinative.

608

A petition which alleges an express contract to pay for services rendered and is subsequently amended to further allege an implied contract to pay for such services, states but a single cause of action, and the additional allegation in the amended petition is not barred by a statute of limitations if the statute had not tolled when the original petition was filed.

The petition as amended states a cause of action under contract. And it may be said that any true contract exists as an obligation because the parties to it have willed, in circumstances to which there is attached in law the sanction of an obligation, that they shall be bound. This is true of both express contracts and those implied in fact. In proving either express or implied in fact contracts, the plaintiff must establish that the defendant either made or accepted an offer which resulted in a promise on the defendant's part. And if the defendant gave a promise in words expressing all of the terms of the contract, for a consideration expressly requested in words by him, in exchange therefor, the contract is express. If, on the other hand, the intention to contract must be inferred from the acts of the parties, the contract is implied in fact, and the law presumes a promise to pay a reasonable price for the benefits received.

The only difference between the two kinds of contracts (which does not involve at all a consideration of principles of contract) is the difference in the kind of evidence used to establish them.

It is therefore determined that the amended petition under consideration states but a single cause of action, and the petition as amended does not conflict with the statute of limitations under the rule set out above.

Directing attention now to the claims of res adjudicata. In analyzing the record before us, we do not find that the two suits involve the same claim or demand; that there is not identity in the investitive facts which create the right of action asserted in each suit. We find, therefore, that the cause of action in controversy which is sought to be precluded was not "actually or necessarily tried and determined."

**Norwood v McDonald, et al, Admrs. 142 Oh St 299.**

A journal entry will be prepared in accordance with this memorandum.


MONTGOMERY, P. J., and SHERICK, J., concur.