No. 37,029

D. F. Springer and L. W. Black, *Appellees*, v. Jerry H. O'Brien, *Appellant*.

(190 P. 2d 341)

Opinion filed March 6, 1948.

*P. J. Warnick,* of Wichita, argued the cause, and *W. C. Attwater* and *Alan B. Phares,* both of Wichita, were with him on the briefs for the appellant.

*William Tinker,* of Wichita, argued the cause, and *Paul J. Wall, Glenn Porter, Getto McDonald, Arthur W. Skaer* and *Hugh P. Quinn,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: Defendant's demurrer to plaintiffs' amended petition was overruled and he appeals.

For present purposes it may be said that plaintiffs filed their petition alleging that defendant was the manufacturer of certain automobile accessories, and on October 13, 1945, plaintiffs entered into a written contract with defendant, appointing plaintiffs sole distributors of the accessories in certain named states for a period of two years, and that under the contract defendant undertook to furnish plaintiffs with the accessories and plaintiffs agreed to purchase from no other source. The contract was made a part of the petition. So far as need be noticed the contract appointed plaintiffs as sole distributors for the term of two years, and as a consideration for the exclusive franchise plaintiffs agreed to pay defendant $4,000 upon execution of the contract. The contract set forth prices for the accessories and many details for its performance, and plaintiffs agreed to expend every effort to further the sale of the accesssories and to diligently work the territory. Plaintiffs further alleged that immediately upon execution of the contract they undertook to sell the accessories, established a warehouse in Kansas City, traveled throughout the territory, engaged local dealers, solicited and obtained orders and were at all times ready, able and willing to perform the contract, but that defendant refused to comply with the contract and to furnish the accessories, to the damage of the plaintiffs, in manner detailed in the petition. It was further alleged that as a part of the consideration of $4,000 named in the contract, plaintiffs executed their note to defendant for $2,000, and by reason of defendant's breach of the contract, the consideration for the note had failed and the note should be, by the court, canceled and held for naught.

The prayer of the petition was for a judgment canceling the note and for damages in the sum of $20,000.

Defendant demurred to the petition on the ground that several causes of action were improperly joined, and that the petition did not state facts sufficient to constitute a cause of action. This demurrer was never ruled on. Plaintiffs filed an amended petition in which they stated as a first cause of action matters pertaining to the alleged breach of the contract and prayed for damages of $20,000, and as a second cause, included all the allegations of the

first cause as well as matters pertaining to the note and prayed for its cancellation and for such other and further relief as should be equitable. Defendant demurred to the amended petition on the ground of misjoinder of several causes of action and that the causes of action did not state facts sufficient to constitute causes of action. The trial court overruled this demurrer and in due time the defendant appealed to this court.

We are not definitely advised as to the extent of the argument before the trial court, but in this court the only proposition urged is that the trial court erred in concluding that two causes of action were not improperly joined and in not sustaining defendant's demurrer for that reason.

The gist of appellant's argument and of the proposition as stated by him is that the first cause of action is for damages for breach of contract and is in affirmance of the contract, while the second cause of action is for the return of the consideration and is for rescission of the contract. In support of that proposition our attention is directed to *Turner v. Jarboe,* 145 Kan. 202, 64 P. 2d 26, where it was said that actions for rescission and for damages differ fundamentally—that rescission seeks to hold property or recover property previously parted with, or its value if it cannot be recovered, and that in damages the plaintiff in effect concedes title has passed, makes no effort to recover it and a money judgment only is sought, and that such actions cannot be commingled. Appellant also directs our attention to other authorities that a person may not both affirm and disaffirm a contract, 18 Am. Jur. 152, 66 C. J. 1462, 1468, and to certain of our decisions dealing with election of remedies. Although the matter of election of remedies is not foreign to the question of misjoinder of causes of action, a discussion does not seem necessary here. Appellant made no effort to compel an election of remedies even if it be conceded that two inconsistent remedies were being pursued. The burden of his complaint is that appellees have not made an election and are attempting to pursue inconsistent remedies.

Appellees contend that their first cause of action is one for damages for breach of the contract, and is in affirmance of the contract, and that their second cause of action is not for rescission of the contract, nor for recovery of what they paid but that they seek cancellation of the note only as a part of the damage they sustained and as a part of the relief to which they are entitled by reason of

appellant's breach of the contract, and they argue that proof of one cause of action does not tend to disprove the other, and that under the statute providing for joinder of causes of action (G. S. 1935, 60-601) they have properly united their causes of action. In support they direct attention to *Anderson v. Surety Co.*, 107 Kan. 375, 191 Pac. 583, 21 A. L. R. 761, where it was contended that causes of action based on asserted claims of negligence were inconsistent with each other, and where this court held that causes of action are not inconsistent with each other where they can stand together and where one does not defeat the other and the proof of one does not disprove the other. They also direct our attention to decisions of courts of other jurisdictions, holding there is no misjoinder under somewhat similar situations.

Appellees also direct attention to the fact that no motions were directed to the amended petition and they argue that they are entitled to a liberal interpretation of their petition; that the demurrer should be overruled even though the facts may not be well pleaded and even though inconsistent causes of action are pleaded, citing in support *Sluss v. Brown-Crummer Inv. Co.*, 137 Kan. 847, 22 P. 2d 965; *Fetzer v. Williams*, 80 Kan. 554, 103 Pac. 77; and *Crans v. Francis*, 24 Kan. 750.

Appellees also direct attention to Dassler's Kansas Civil Code, 2d ed., p. 209, where it is said that when but one cause of action is stated, no question of misjoinder arises, and that the essential elements of any cause of action are a right possessed by the plaintiff and an infringement of such right by the defendant.

As originally adopted in 1868 our code of civil procedure permitted joinder of actions in limited cases (see G. S. 1868, ch. 80, § 83). In 1909 the code was changed in that particular so that now a plaintiff may unite several causes of action in the same petition whether formerly denominated legal or equitable or both (G. S. 1935, 60-601). The original code made misjoinder of causes of action a ground for demurrer (G. S. 1868, ch. 80, § 89) and that situation still obtains (G. S. 1935, 60-705, *Fourth*). There have been many decisions of this court bearing on joinder of causes of action, but the change in the code in 1909 made many of them inapplicable to situations later arising. As the decisions above noted indicate, generally inconsistent causes of action cannot be united and from those decisions it may be deduced that the main test of inconsistency is repugnancy and contradictoriness, as distinguished

from the statement in the form of different causes of what is essentially only one cause of action, and that whether there is repugnancy or contradictoriness is determined by the general test, does proof of one cause disprove the other.

In applying the latter test, the court is not limited by the use of particular words, but only by the effect of what is pleaded. In *Deruy v. Hurt*, 158 Kan. 229, 146 P. 2d 363, the defendant demurred on the ground that causes of action were misjoined. The general purpose of the action was to recover moneys paid for speculative stocks which were never delivered, the action being based on a specific statute. In his pleading plaintiff alleged that by reason of failure to deliver the stocks he had been damaged in the amount of his payment. This court held that the fact plaintiff had alleged he had been damaged did not pervert his statutory right to recover (rescission) into a common-law action for damages, and that there was no semblance of misjoinder.

Our examination of the petition leads to the conclusion that proof of the matters alleged in the first cause of action stated in the amended petition will not tend to disprove matters alleged in the second cause of action nor conversely; that essentially the second cause of action is only an additional damage that plaintiffs sustained by reason of the alleged breach of the contract by the defendant.

In view of our conclusion, it is not necessary that we invoke the rule as to a demurrer searching the entire record, to examine further the original petition, nor to determine now that although pleaded in the amended petition as two causes of action, that in fact but one cause was pleaded in which various elements of damage are stated. See comment in *Pfannenstiel v. Doerfler*, 152 Kan. 479, 483, 105 P. 2d 886.

The judgment of the trial court is affirmed.