No. 38,460

GEORGE W. ONDRASEK, ANN GUSTON, ELIZABETH ONDRASEK and TOM ONDRASEK, *Appellants,* v. JOHN ONDRASEK and ANNA ONDRASEK, his wife, *Appellees.*

(238 P. 2d 535)

Opinion filed December 8, 1951.

Stanley Krysl, of Stockton, argued the cause, and *W. L. Sayers,* of Hill City, and *D. A. Hindman,* of Stockton, were with him on the briefs for the appellants.

*W. McCaslin,* of Stockton, argued the cause, and *H. McCaslin,* of Osborne, was with him on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by plaintiffs from an order striking an amendment to a petition.

The action was one by adult children of John Ondrasek and Anna Ondrasek, his wife, both parents being deceased, against one son, John Ondrasek and Anna, his wife, to have the rights of the parties in and to real and personal property established, to obtain an accounting and for a division of the property in accordance with their respective rights therein.

There was no challenge of the sufficiency of the original petition or of the amendment by demurrer or otherwise. For purposes of this appeal it is unnecessary to narrate at length the allegations of the original petition or the amendment thereto. It will be sufficient to state only the general character and nature of each pleading in order to determine whether the amendment was properly stricken.

The original petition insofar as here material, in substance, alleged:

The purchase of three quarter sections of land by the father prior to his death in 1924 and of the fourth and last quarter in 1936 before the mother's death; the first three quarters were purchased with funds of the father, a deed to one of these quarter sections being taken in the name of the defendant, John Ondrasek, who aided his father in connection with the purchase thereof; the fourth and last deed to another quarter section was acquired from proceeds of the farming operations which were conducted by the defendant, John Ondrasek; this deed was taken in the name of John Ondrasek; that the father's name and the defendant son's name were the same, to wit, John Ondrasek; that the son, John Ondrasek, held the land and the proceeds from the sale in 1930 of the farming machinery and livestock, except $1,000 thereof which was then given to the mother, in trust for all the children; he should be compensated for his services in the operation and management of the lands and if the property could not be divided in kind it should be sold and the proceeds thereof divided in accordance with their interests.

The amendment, in effect, alleged the title to the two quarter sections conveyed to the father as grantee during his lifetime remained in him until his death; that thereafter title to an equal undivided one-half interest passed to the mother and the other one-half interest to the six children, plaintiffs and the defendant son, share and share alike; after the mother's death the entire interest in the lands passed to the six children share and share alike under the law of descents and distributions.

The amendment further alleged if it be determined title did not so descend as to those two quarter sections it should be held in the alternative that the defendant, John Ondrasek, was holding the title thereto in trust as set forth in the original petition.

Defendants' motion to strike the amendment was sustained. From that ruling plaintiffs appeal. We shall continue to refer to the parties as plaintiffs and defendants.

Defendants' motion to strike the amendment referred in part to a previous action covering the two quarter sections involved in the amendment. That part of the motion to strike was on the ground the previous case constituted an adjudication of the issue presented by the amendment. The previous action was dismissed without prejudice and that part of the motion to strike is without merit.

The substance of the remainder of the motion to strike was the amendment constituted a departure from the cause of action set forth in the instant original petition and the proof of allegations contained in the amendment would disprove the allegations of the original petition.

Although the motion is quite clear the briefs of counsel indicate some confusion of thought with respect to the precise question presented by defendants' motion. In order to eliminate such confusion and a discussion of contentions not properly within the purview of the motion it may be well to state at the outset that this particular motion is not one which is tantamount to a demurrer which challenges the sufficiency of either pleading to state grounds for the relief plaintiffs seek. Nor is this motion based upon the ground these pleadings, or either of them, are so indefinite, uncertain and confusing that defendants cannot ascertain upon what theory, or theories, plaintiffs seek relief. On the contrary this motion admits the two pleadings disclose on their face two grounds are alleged for relief and then asserts that the ground alleged in the amendment is inconsistent with that alleged in the original petition.

It will be observed the original petition and the amendment both alleged the ownership by plaintiffs and the defendant, John Ondrasek, of an equal undivided one-sixth interest in and to the property described in each of them. There was, therefore, no inconsistency in these two pleadings with respect to the interest alleged to be held in the lands by each of the parties. The only difference therein lies in the grounds alleged for the same identical relief. In the amendment plaintiffs, in substance, merely allege all the parties inherited an equal undivided one sixth interest in

those two quarter sections of land, title to which was taken in the name of John Ondrasek, the father, but if it should be determined the defendant son, whose name was also John Ondrasek, took the title in his name that then it should be held, in the alternative, the defendant son held those two quarter sections in trust as requested in the original petition.

Proof of allegations contained in the amendment that all the children inherited the two quarter sections therein described would not necessarily disprove the defendant son now was holding the interest of the other children in those lands in trust for them. In order to make actions inconsistent one action must allege what the other denies, or the allegation in one must necessarily repudiate or be repugnant to the other. (*Taylor v. Robertson Petroleum Co.*, 156 Kan. 822, 137 P. 2d 150.) In other words grounds for recovery are not inconsistent with each other when one does not defeat the other, and the truth of one does not disprove the truth of the other. (*Anderson v. Surety Co.*, 107 Kan. 375, 191, Pac. 583; *Springer v. O'Brien*, 164 Kan. 461, 190 P. 2d 341.)

What we really have in the instant action is an effort, under both pleadings, to obtain the same relief but on two grounds, with a request in the alternative that if the ground alleged in the amendment should not be sustained that then the relief sought should be granted on the ground requested in the original petition. There was a sound basis for such an alternative pleading. By reason of the fact the father and the defendant son had the same name plaintiffs apparently were in doubt is to precisely what the evidence might disclose and in order to meet the exigencies of proof they alleged:

"That by reason of the similarity in names plaintiffs are unable to state positively whether said real estate, or portions thereof, stands in the name of John Ondrasek, the Father, or John Ondrasek, defendant, but allege that if the title to any of said property stands in the name of John Ondrasek, defendant, he holds the title to said property in trust for said owners."

G. S. 1949, 60-601 provides:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both. But the causes of action, so united must affect all the parties to the action, except in actions to enforce mortgages or other liens."

See various cases collected under the above statute.

It is the inconsistency of demands which makes the election of one remedial right an estoppel against the assertion of the other, and not the fact the forms of action are different. (*Curtis v. Hanna*,

146 Kan. 919, 922, 73 P. 2d 1063.) In the instant case the demand, or relief sought, is identical in the original petition and the amendment. The doctrine of elections can have no application where two or more existing remedies are consistent. Under such circumstances a party may pursue one or all of them so long as he obtains but one satisfaction. (*Taylor v. Robertson Petroleum Co.*, supra, p. 827.)

In 30 C. J. S., Equity, § 239, the rule is stated thus:

"While ordinarily a bill may not set up inconsistent and repugnant claims, multifariousness does not arise from the allegation of more than one ground for the same relief, or by the framing of a bill in a double aspect, or by prayers for relief in the alternative.

"A bill is not rendered multifarious by alleging two or more grounds, each of which would entitle plaintiff to the same relief, or by being properly framed in a double aspect, or by praying for relief in the alternative."

41 Am. Jur., Pleadings, § 106, reads:

"It is a familiar rule of pleading that when the plaintiff has two or more distinct reasons for obtaining the relief sought, or when there is more or less uncertainty as to the grounds of recovery or as to the exigencies of proof, the petition may set forth a single claim in more than one count. The pleader may state his case in as many ways as he sees fit in separate counts in order to meet any possible phase of the evidence, and he will not be required to elect on which count he will proceed."

In 30 C. J. S., Equity, § 205, it is said:

"The rule against repugnancy does not prevent plaintiff from filing his original bill *or so amending it* as to present his case in a double aspect or in the alternative." (Our italics.)

In the case before us defendants did not move to have the grounds for relief stated in separate counts but moved only to have the amendment stricken by reason of its inconsistency with the original petition. We think the motion was improperly sustained. Even if it could be held the grounds for relief were inconsistent manifestly plaintiffs, at that stage of the proceedings, could not have been compelled to elect on which of the grounds they would rely for recovery.

Other contentions made by defendants have been noted. They were not properly before the trial court under the grounds of this particular motion to strike and are not presently before this court for review.

The order sustaining the motion to strike must be reversed. It is so ordered.