Nussbaum, Appellant, *v.* Wooster Baptist Temple, Appellee.

(No. 1125—Decided June 24, 1953.)

*Messrs. Critchfield, Critchfield, Critchfield & Johnston,* for appellant.
*Messrs. Funk & Funk,* for appellee.

*Per Curiam.* Millen Nussbaum instituted this action in the Court of Common Pleas of Wayne County against the Wooster Baptist Temple, seeking damages for breach of contract.

In the first count in the petition he alleged that the defendant "entered into an oral contract by the terms of which plaintiff was to furnish certain labor and materials for the construction of a temple upon land of the defendant * * *, and that the defendant was to pay to plaintiff the cost of labor and materials em-

ployed in said construction by plaintiff plus ten per cent thereof.'' The pleader continued by alleging that, pursuant to the contract, he furnished labor and materials and constructed the temple, which was ''then and thereafter used and occupied by the defendant and its members.'' The count in the petition then alleged that the ''total cost of labor and material furnished * * * in performance of the agreement plus the ten per cent commission was $32,131.80; that defendant has paid thereon the sum of $21,070.01; and that the balance remaining unpaid is $11,061.79.''

From the statements shown thus far, it is obvious that this count in the petition pleaded a suit on an express contract.

In a second count in the petition, the pleader sought recovery for the same amount on an implied contract. He stated, among other things, that ''he furnished certain labor, materials and services * * * according to plans, specifications, orders, changes and extras as he was from time to time requested * * *''; that the temple was substantially completed and thereafter was ''accepted, used and occupied'' by the congregation and its officers. The count continued by saying that the ''material, labor and services so furnished * * * were of the reasonable value of $32,131.80; that defendant has paid * * * $21,070.01''; and that the balance due of $11,061.79 constitutes plaintiff's damages.

Pursuant to service of summons, the defendant moved that the plaintiff be compelled to elect upon which count in the petition he would proceed. The court sustained the motion; and, upon the plaintiff's refusal to elect, the petition was dismissed. An appeal to this court from the order of dismissal brings here the propriety of the order of election.

From a reading of some Ohio cases, it may possibly be inferred that the practice in bygone years in this state, under our system of Code pleading, required an

election in actions of this character, on the theory that there cannot be an express and an implied contract for the same thing existing at the same time, and therefore a petition which pleads both, directed toward the same subject matter, creates an inconsistency in the allegations and is bad pleading. See: 9 Ohio Jurisprudence, Contracts, Section 361; *Creighton* v. *City of Toledo*, 18 Ohio St., 447; 12 American Jurisprudence, Contracts, Section 7, and cases cited.

In our examination of the cases, however, we do not find any in which the Supreme Court of this state has ever directly made such a declaration, and it is the thought of the members of this court that the rules hereinafter stated, which reflect the overwhelming weight of authority in this country, should be declared the law of the state. The general rule is declared in 41 American Jurisprudence, Pleading, Section 106, as follows:

"* * * when the plaintiff has two or more distinct reasons for obtaining the relief sought, or when there is more or less uncertainty as to the grounds of recovery or as to the exigencies of proof, the petition may set forth a single claim in more than one count. The pleader may state his case in as many ways as he sees fit in separate counts in order to meet any possible phase of the evidence, and he will not be required to elect on which count he will proceed."

See also, 71 Corpus Juris Secundum, Pleading, Section 88 c (2).

In the case of *State, for Use of Sauers*, v. *C. J. Montag Co.*, 132 Ore., 587, at p. 591, 286 P., 995, at p. 996, it was stated:

"* * * Our code provides that a plaintiff may unite several causes of action in the same complaint when they all arise out of contract, express or implied. [The Ohio Code contains an identical provision: Section 11306 (3), General Code.]

"`* * *`

"Had plaintiff desired to do so, he could properly have alleged in the complaint an express contract stipulating the price and an implied contract for the reasonable value of the lumber by stating the same separately and, if the same had been stated separately, he could not have been compelled to elect whether to proceed upon one or the other."

See also: *Jeffs* v. *Stephenson,* 9 Wash. (2d), 335, 114 P. (2d), 987; *Clark* v. *Dulion Steel Products, Inc.,* 54 Cal. App. (2d), 92, 128 P. (2d), 608; *Wilson* v. *Milner Hotels, Inc.,* 116 Mont., 424, 154 P. (2d), 265, at p. 268; *Ondrasek* v. *Ondrasek,* 172 Kan., 100, 238 P. (2d), 535; *Graham* v. *Hoke, Admx.,* 219 N. C., 755, 14 S. E. (2d), 790; *Fraser* v. *Collier Construction Co.,* 305 Mich., 1, 8 N. W. (2d), 889; *Maasdam* v. *Maasdam's Estate,* 237 Iowa, 877, 24 N. W. (2d), 316, at p. 320; *Geistert* v. *Scheffler,* 316 Mich., 325, 25 N. W. (2d), 241; *Wilson* v. *Place* (Texas), 293 S. W., 322.

We therefore specifically declare the rule applicable to the case here under consideration to be:

"A count on implied contract and a count on express contract on the same liability are joinable; or if only one is counted on, the other may be added by amendment, on the principle that it should be allowed to meet possible states of proof."

Bates Pleading, Practice, Parties & Forms (4 Ed.), Section 1181*a*.

See also: *Price* v. *Cleveland Trust Co.,* 45 Ohio Law Abs., 606, 68 N. E. (2d), 133.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*

DOYLE, P. J., STEVENS and HUNSICKER, JJ., concur.