No. 31,317

DALBERT HITSMAN, a Minor, by MAE HITSMAN, His Mother and Next Friend, *Appellant*, v. THOMAS B. KENNEDY, R. B. FEGAN, and R. E. ATHEY, as Sheriff of Geary County, *Appellees*.

(27 P. 2d 218.)

Opinion filed December 9, 1933.

*Ira C. Snyder*, of Manhattan, *W. T. Roche* and *C. Vincent Jones*, both of Clay Center, for the appellant.

*I. M. Platt, James P. Coleman, James V. Humphrey* and *Arthur S. Humphrey*, all of Junction City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Dalbert Hitsman, a minor, by Mae Hitsman, his mother and next friend, brought this action against R. E. Athey, sheriff of Geary county, and Thos. B. Kennedy and R. B. Fegan, signers of the official bond of the sheriff, charging that the sheriff and his deputies, while pursuing and seeking to make an arrest, purposely or negligently fired a revolver towards an automobile in which Dalbert Hitsman was riding, which struck and wounded him. A jury was first impaneled to try the case, but later the parties stipulated that the jury be discharged and the whole matter submitted to the court alone, to make findings of fact as well as conclusions of law. At the close of the trial the court made the findings of fact and gave judgment in favor of the defendants.

Material findings relating to the incidents of the injury, the place in which the still was operated, the search for the operator, and the relation of the sheriff and his deputy to the search when Hitsman was shot and injured, follow:

"On Saturday evening, August 15, 1931, Sydney C. Dederick, sheriff of Dickinson county, Kansas, obtained information relative to the operation of a still by one Harold Johnson. On the next day Dederick started out to find the still. He located the place where the still was supposed to be in operation, thought that it was in Geary county, and, accordingly, proceeded to Junction

City and told R. E. Athey, the sheriff of Geary county, Kansas, of his information. Thereupon Dederick and Athey, accompanied by Jesse Filby, Athey's undersheriff, proceeded to the place where Dederick's information had located the still. Upon their arrival there Athey discovered that the still was located on what was known as the 'East Fawley' ranch in Riley county, and out of his jurisdiction. So Dederick, Athey, and Filby abandoned their efforts and returned to Junction City. Upon their return to Junction City Athey placed a telephone call for Marshall Docking, the sheriff of Riley county, Kansas. When Docking was reached on the telephone, Dederick talked to him and told him of their discovery, and suggested that he obtain a search warrant under which he could proceed. Accordingly Docking obtained a search warrant against Harold Johnson, authorizing him to search the premises, and Docking then went to Junction City where he met Athey and Dederick. After discussing the situation among themselves, Docking said to Athey and Dederick that he was alone and asked if Dederick, Athey, and Filby would accompany him and help him. They agreed to do so, Athey saying that they would have to wait until Filby got through feeding the prisoners in the Geary county jail.

"About 4 o'clock on Saturday afternoon of August 16, 1931, the four men started for the Fawley place; Athey and Filby going in Athey's automobile, and Dederick accompanying Docking in Docking's automobile. Upon their arrival at the place, the four men started searching the place. Within a short time they observed an automobile drive up to the house, and very shortly thereafter drive away rather hurriedly. Athey and Filby were closest to their automobile, and they immediately started in pursuit of the automobile which had just driven away. They pursued the car for a half-mile or more, but because of the rough condition and narrowness of the road, they were unable to overtake the car and stop it readily. Athey was driving the pursuing car, and Filby, who was seated on the right side of the automobile, drew his .38 caliber revolver and fired a shot at the ground alongside the moving car, intending it as a signal or warning for the car ahead to stop. The bullet from Filby's shot apparently struck something and ricocheted, hitting the plaintiff, Dalbert Hitsman, in the back of the head. As soon as the shot was fired the car which was being pursued stopped, and Athey pulled up alongside and in front of the car and ordered the occupants of the car out. They found in the car Harold Johnson, for whom Sheriff Docking, of Riley county, had a warrant; also the plaintiff, Dalbert Hitsman; his sister, Maxine Hitsman; Jimmy Carter and Raymond Zentz, who was the owner and driver of the automobile. Athey and Filby ordered the occupants of the car to get out and hold up their hands, which they did. Athey said to the occupants of the car as they were getting out, or immediately after they had gotten out of the car, something to the effect that 'After this when an officer tells you to stop, you better stop.'"

The court further found that after the shooting, Hitsman was taken to a hospital where the bullet was removed. It had entered on the back of his head and penetrated the skin and flesh to the skull bone and was found about one and one-half inches above the point where it entered. In three days thereafter Hitsman left the

hospital and went to his home. It was also found that he did not know that an officer was seeking to arrest a law violator, and at the time Hitsman was engaged in a lawful enterprise, and further that Athey, the defendant, did not know that Filby was going to shoot when he fired his revolver, and probably did not know of it when the car they were pursuing had stopped. That neither Athey nor Filby had a warrant for the arrest of anyone at the Fawley ranch. It was also found that Filby was not justified in the shooting, but it appears he was not made a defendant in the case. The court made the following conclusions of law.

"That the defendant Athey and his undersheriff, Filby, at the time of the injury to the plaintiff, Dalbert Hitsman, were not acting by virtue of any authority of law or by color of the offices which they held, but were acting in a purely private capacity as the invitees of sheriff Docking, and that for that reason the defendant, Athey, sheriff, and the defendants Kennedy and Fegan, his bondsmen, are not liable for the injury inflicted upon the plaintiff by Filby, and that they should recover their costs herein."

The question is: Was Athey acting in the capacity of sheriff of Geary county when Filby, his undersheriff, fired the revolver at the ground in order to halt the fleeing car, or were they acting outside of their county in a private capacity? If Athey, the sheriff, was acting under authority or color of office, he would be liable for his own acts and also those of his undersheriff. It appears, however, that when he found the still at the Fawley ranch they discovered it was beyond the county of Geary and in Riley county, and so sheriff Athey returned to his home and reported the matter to sheriff Docking of Riley county, and turned the matter over to him. Docking procured a search warrant and proceeded to make the search and arrest. He invited some of the officers of Dickinson and Geary counties to accompany him, and they did so, when the shooting followed, as has been stated. Athey and Filby were under no duty to accompany Docking or to make the search and the arrest of Harold Johnson, who was operating the still. The sheriff of Geary county was not acting as sheriff on this expedition when he accompanied Docking, and was no more acting under color of his office than would have unofficial neighbors of the Fawley ranch if they had been invited by Docking and had gone to his aid. Athey had no authority to make the search in Riley county or to take any official action against persons violating the law there, nor are those signing his official bond liable for things done by the sheriff when

acting in a private capacity. It may be noted that Johnson, whose arrest Docking was seeking to effect, was charged with the commission of a misdemeanor, not a felony.

In 46 C. J. 1068 it is said:

"Liability upon an official bond arises as a rule only with reference to acts of the officer which pertain to some function or duty which the law imposes upon his office. Thus sureties are not liable for a purely personal act of an officer not done as a part of, or in connection with, his official duties; and where he acts without any process and without the authority of his office, or under a process void on its face, in doing such act he is not to be considered an officer but a personal trespasser." (See, also, 57 C. J. 1013.)

Concerning the liability of the sheriff for an unofficial act of his undersheriff or deputy, it has been said:

". . . But he is not responsible for any unofficial act or neglect of duty of a deputy where the act is one which the law does not require him officially to perform. Hence he is not liable for acts performed by the deputy out of the usual course, under instructions from third persons. . . ." (22 R. C. L. 587.)

It is suggested that the acts done by the defendant when the revolver was fired in Riley county were of the same general character that the sheriff had been doing in his own county; but the fact that he was doing work of a like character as he performed within his own jurisdiction does not create a liability on his official bond done in another jurisdiction in an individual or private capacity. (*March v. Express Co.*, 88 Kan. 538, 129 Pac. 168.)

The judgment of the district court is affirmed.

HUTCHISON, J., not sitting.