No. 34,887

Joe B. Pfannenstiel, *Appellee*, v. Joseph Doerfler and The American Surety Company, of New York, *Appellants*.

(105 P. 2d 886)

Opinion filed October 5, 1940.

*J. H. Jenson, Paul Ward, Ernest J. Malone*, all of Hays, and *Clifford Holland*, of Russell, for the appellants.

*Delmas Haney*, of Hays, for the appellee.

The opinion of the court was delivered by

Hoch, J.: In an action for damages plaintiff alleges personal injuries received in connection with his arrest and incarceration in the county jail. The defendants are the two officers who arrested him, the sheriff and their respective bondsmen. All defendants demurred to the petition, and all demurrers were overruled. From which order the sheriff and the surety company which issued his official bond bring this appeal.

Plaintiff Pfannenstiel was arrested under a warrant charging disturbance of the peace, issued by a justice of the peace of Ellis county, and directed "to the sheriff or constable of Ellis county." He was taken in custody by officers Leiker and Shook, and delivered to the sheriff, Doerfler, at the county jail.

Formal averments of the petition need not be noted, no attack upon their sufficiency being made. After recital that Leiker and

Shook were deputy sheriffs, and that Leiker was also a constable, it was alleged in the petition that acting "in their capacity as peace officers" and in discharge of their official duties "and in accordance to a warrant issued out of the justice court" they "arrested this plaintiff and in so doing said defendants wrongfully, willfully, maliciously and negligently used more force than was reasonably necessary to accomplish such arrest in the following particulars, that is to say: The said defendants forcibly seized the plaintiff and without giving the plaintiff any warning of their intention as so to do, said defendant Fidalis A. Leiker discharged into, upon and against the face and eyes of this plaintiff one certain tear-gas gun at close range and within about six inches of the face and eyes of plaintiff, causing the gunpowder and gas discharged from said gun to strike the plaintiff's face and eyes with such force that the powder and wadding from said gun entered and was embedded into the skin of the plaintiff's face and eyeballs of the plaintiff, and the tear gas contained in said gun forcibly struck and entered the eyes of said plaintiff and by said means and in said manner the said defendants, Fidalis A. Leiker and Clifford O. Shook, seriously injured both eyes of plaintiff, and thereupon as a part of the same transaction and while the plaintiff was suffering great pain as a result of the injury to his eyes and as a result of the premises aforesaid and while the plaintiff was in a greatly weakened semiconscious condition from the effects of said injury, the said defendants forcibly and maliciously and against the will of the plaintiff delivered plaintiff to Joseph Doerfler, sheriff of Ellis county, Kansas, and said sheriff, Joseph Doerfler, incarcerated the plaintiff in the jail of Ellis county, Kansas, for a period of more than three hours, during which period of time plaintiff, to the knowledge of said defendants, was greatly in need of medical care and attention as a result of the injury above described, and said defendants, Joseph Doerfler, Fidalis A. Leiker, and Clifford O. Shook, negligently and wrongfully failed to provide medical or surgical care for plaintiff's injuries, by reason of the premises, the plaintiff suffered great pain, humiliation, and distress and permanent injury, to wit: The total loss of his left eye and a seventy-five percent loss of vision in his right eye, all to his damage in the sum of $25,000."

Appellants demurred on the ground that the petition stated no cause of action against the sheriff or the surety on his official bond and that causes of action were improperly joined. While reference is made in appellants' brief to both grounds set up in the demurrer,

the contention that there was misjoinder of actions is not stressed. The assignment of error makes no specific reference to it, and appellants state that the question here presented is simply whether the petition states a cause of action against the sheriff and the surety company. The statement is made in appellants' brief that the trial court held that the only cause of action stated in the petition was "the battery caused by the firing of the gas gun." We do not find such a ruling in the submitted record. All that appears is that the court overruled the demurrers. It may also be noted in passing that no motion was made to require separate stating and numbering of causes of action.

The principal contentions of appellants are that the petition contains no allegation of default or misconduct on the part of the sheriff himself, and no allegation that he had any personal knowledge that the warrant had been issued or that the arrest was to be made, or that he gave any directions concerning it; that the only wrongful act charged is the firing of the gas gun by Leiker and that Leiker was then acting in his capacity as a constable and not as a deputy sheriff; that no fraud or collusion is charged and that no misconduct on the sheriff's part being alleged, no cause of action is stated against him or the surety company. These contentions must be appraised in the light of the established doctrine that under attack by demurrer, all well-pleaded allegations of the petition must be construed in the light most favorable to the plaintiff.

Perhaps the strongest point urged by appellants is that the return on the writ was signed: "F. A. Leiker (constable)." The argument is that this shows on its face that when the arrest was made Leiker was acting as a constable and not as a deputy sheriff, and that therefore the sheriff cannot be held liable for what happened in connection with the arrest. We do not find this argument determinative. The mere fact that Leiker made return of the writ in the manner indicated does not obscure the affirmative allegations of the petition. Indeed, it is doubtful whether any right of action which the plaintiff might have under all the facts and circumstances could be prejudiced by some subsequent act of Leiker, who was both a deputy sheriff and a constable, in making return as "constable." However that may be, the petition does not allege that the arrest was made by Leiker alone but that it was made by Leiker and Shook *"in their capacity as peace officers as above set out."* Nor can we agree with appellants' contention that an assault

by Leiker alone is alleged. It is true that the allegation is that Leiker discharged the gas gun. Obviously only one person could pull the trigger. But the allegation is that Leiker and Shook "arrested this plaintiff and in so doing *said defendants* wrongfully, willfully, maliciously and negligently used more force than was reasonably necessary to accomplish such arrest, in the following particulars, that is to say: The *said defendants* forcibly seized the plaintiff and without giving the plaintiff any warning of *their intention as so to do,* said defendant, Fidalis A. Leiker, discharged into, upon and against the face and eyes of this plaintiff one certain tear-gas gun . . . and by said means and in said manner the *said defendants,* Fidalis A. Leiker and Clifford O. Shook, seriously injured both eyes of plaintiff and thereupon as a part of the same transaction" they delivered plaintiff to the sheriff, and that the sheriff "incarcerated the plaintiff in the jail of Ellis county, Kansas, for a period of more than three hours, during which period of time plaintiff, to the knowledge of *said defendants,* was greatly in need of medical care and attention as a result of the injury above described," but that the defendants "negligently and wrongfully failed to provide medical or surgical care for plaintiff's injuries," and that *"by reason of the premises"* the plaintiff suffered great pain and the total loss of his left eye and seventy-five percent loss of the vision of his right eye.

Sheriffs are responsible for the acts of their deputy sheriffs performed in carrying out their official duties. (G. S. 1935, 19-805; *Jones v. Simmons, Sheriff,* 115 Kan. 505, 223 Pac. 284; *Frankhauser v. Carman,* 50 Kan. 621, 32 Pac. 379.) Appellants cite *Hitsman v. Kennedy,* 138 Kan. 564, 27 P. 2d 218, and *Kebert v. Wilson County Comm'rs,* 134 Kan. 401, 5 P. 2d 1085, in which the sheriff was held not liable for the acts of a deputy. Neither case is controlling here. In the Hitsman case the alleged wrongful act by a deputy sheriff was committed outside the county of his authority, without the knowledge of the sheriff that it was going to be committed. The case simply held that the liability of a sheriff on his bond does not extend beyond acts done in his official capacity. In the Kebert case the plaintiff, a county prisoner, was injured while digging a ditch, while—it was alleged—he was under the supervision of a deputy sheriff. The sheriff was absolved on the ground that the only connection he had with the matter was to take the prisoner to and from the jail and see that he did not escape, and that under

the statute the work was being done for the county commissioners and neither the sheriff nor the deputy had any control over it. Assuming, for the moment, that when Leiker and Shook took the plaintiff in custody, Leiker, who was both deputy sheriff and constable, was acting only as constable, the allegation still remains that the arrest was also made by Shook, who was a deputy and not a constable, and was made "as such peace officer" and that both Shook and Leiker delivered the plaintiff to the sheriff at the county jail.

It is the duty of a sheriff or other officer having lawful custody of a prisoner to treat the prisoner properly, and, as the statute (G. S. 1935, 19-1919) says, "with humanity." This matter was considered by this court in the case of *Farmer v. Rutherford,* 136 Kan. 298, 15 P. 2d 474, and again in *State, ex rel., v. Jackson,* 139 Kan. 744, 33 P. 2d 118. Supporting citations set out in the latter case need not be here repeated. We think that the instant allegations of failure to provide medical attention are pertinent within the plain import of the statute.

Although, as heretofore stated, the appellants here urge only the contention that no cause of action was stated against the sheriff, we may make brief reference to the question of misjoinder of actions. As far, at least, as the sheriff is concerned, there is no ground for complaint that there is misjoinder of actions. If it be argued that the discharge of the gas gun constitutes one cause of action, and the failure to provide medical care another cause of action, it still remains—under the allegations in the petitions—that the sheriff must answer to both charges. Under the second he is charged personally with failure to perform his duty to the prisoner and under the first his responsibility rests upon his liability for misconduct of his deputies. Moreover, the petition recites a chain of events, beginning with the discharge of the gas gun and culminating in the failure to provide medical care, all of which, it is alleged in the petition, resulted in the permanent injuries of which complaint is made. Whether there would be force in possible contention by Leiker and Shook that their responsibility ceased when the prisoner was delivered at the jail and whether there could properly be separation of causes of action as to them is a question not here presented. They are not parties to this appeal.

From what has been said as to the sheriff's responsibility, under the allegations, it follows that the demurrer was properly overruled as to the surety company. Appellants urge that the petition states

no cause of action against the company for liability on the bond, under the provisions of G. S. 1935, 19-802, since it contains no allegation of "fraud, deceit, or oppression" in connection with the incarceration of the plaintiff. The language of the statute does not support the argument. The section not only establishes the surety's liability for proper handling of funds and delivery of papers and property to the successor in office; but for faithful performance and execution of the duties of the office. Obviously the making of arrests and the care of prisoners fall within such duties.

Whether the plaintiff was injured in the manner alleged, whether Shook was a party to the manner in which the plaintiff is said to have been injured when the arrest was made, whether it was evident that the plaintiff needed medical attention when he was brought to the jail, whether effort was made to provide it, whether the injury, if so inflicted, was aggravated by failure to receive medical care or whether other such allegations of the petition can be established, are questions for the trial court, and not for our determination. We conclude that the petition states a cause of action against the sheriff, and therefore against the surety on his official bond, and that the demurrers by the appellants were properly overruled.

The judgment is affirmed.