No. 36,031

WILLIAM KARL ZURBUCKEN, *Appellant*, v. GLENS FALLS INDEMNITY COMPANY, *Appellee*.

(149 P. 2d 617)

Opinion filed June 10, 1944.

*Otho W. Lomax*, of Topeka, argued the cause, and *Carl Van Riper* and *E. C. Minner*, both of Dodge City, were on the briefs for the appellant.

*Horace H. Watkins*, of Topeka, argued the cause for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by a former sheriff of Ford county against the surety on an indemnity bond executed and delivered to the plaintiff by his deputy. Defendant prevailed and plaintiff appeals.

The action sought to recover from the surety, Glens Falls Indemnity Company, moneys alleged to have been collected by the deputy upon tax warrants and which the deputy kept and retained in violation of law and his obligation as deputy sheriff. Appellant promptly reimbursed the county for the loss. The sole question presented is whether the instant action is barred. The pertinent facts, covered by stipulation of the parties, are:

"It is stipulated by the plaintiff and defendant that the plaintiff was elected and served as sheriff of Ford County, Kansas, for the term beginning January 9, 1935, and ending on January 10, 1937; that at the beginning of that term of office he appointed LeRoy Van Lehn as a deputy sheriff for the two-year term, subject to removal at pleasure of plaintiff, and that at the beginning of said term, on the 9th day of January, 1935, LeRoy Van Lehn furnished and executed and delivered to the plaintiff the bond, a copy of which is attached to the petition and the original of which is offered as Exhibit A.

"It is further admitted that the said LeRoy Van Lehn entered upon his duties as deputy sheriff and served throughout the term, until January 10, 1937; that on March 23, 1936, Cornell & Company, accountants and auditors of Hutchinson, Kansas, employed by the County Commissioners, made a report to said Commissioners of an audit for the period between January 15, 1935, and February 21, 1936, which showed a shortage in the funds handled in the Sheriff's office in the sum of $775.24; that on February 28, 1936, the plaintiff deposited to the credit of the County Official Bank Account, in the Fidelity State Bank of Dodge City, Kansas, the sum of $775.24, in full payment of said shortage; that the shortage had occurred in the amounts handled by LeRoy Van Lehn and were not accounted for by him. That plaintiff is now suing to recover the said shortage of $775.24.

"It is further stipulated that this matter be submitted to the Court on the above stipulation."

The principal in the bond was the deputy sheriff. The pertinent provisions of the bond read:

"WHEREAS, the above-named principal has been duly authorized or elected to the office of Deputy Sheriff of the County of Ford, State of Kansas, for the term of office beginning on January 9, 1935.

"Now, THEREFORE, THE CONDITION OF THE FOREGOING OBLIGATION IS SUCH that if the Principal shall faithfully perform such duties as may be imposed on him by law and shall honestly account for all money that may come into his hands in his official capacity during the said term, then this obligation shall be void; otherwise it shall remain in force."

This action was filed December 6, 1941.

It was the judgment of the trial court the action was barred by the statute of limitations pleaded in defendant's answer, which was G. S. 1935, 60-306, subdivisions *First, Second* and *Fifth*. That statute provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"*First.* Within five years: An action upon any agreement, contract or promise in writing.

"*Second.* Within three years: An action upon contract, not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty.

"*Fifth.* An action upon the official bond or undertaking of an executor, administrator, guardian, sheriff, or any other officer, or upon the bond or undertaking given in attachment, injunction, arrest, or in any case whatever required by statute, can only be brought within five years after the cause of action shall have accrued."

Appellant contends the trial court should have interpreted the bond to mean that the deputy was not required to account to the county for moneys collected on tax warrants until the end of the sheriff's term of office, to wit: January 10, 1937. If that is the correct interpretation of the bond then the bond contemplated the deputy might appropriate the county's funds to his own use during the term and all that was necessary was for the deputy to return the funds by the end of the sheriff's term of office. The bond does not say the deputy *may account during the term,* but it plainly requires that he honestly account for all money that *may come into his hands during the term.* In our opinion the phrase, "during the term," clearly was intended to refer to the words immediately preceding that phrase, namely, "all money that may come into his hands in his official capacity," and was not intended to fix the time when the deputy was required to account for the funds. We may also pause to observe that if the bond be interpreted as counsel for appellant seeks to have it interpreted then manifestly the bond would not give the sheriff the desired and needed protection. This is clear for the reason that the sheriff is not permitted to so withhold these public funds.

Under the provisions of G. S. 1935, 79-2101 the last possible date on which the sheriff could have made his return to the county treasurer on any tax warrant issued in the year 1935 would have been December 15, 1935. The deputy, of course, had no greater rights than his principal, the sheriff, to retain the public funds. The official acts of undersheriffs and deputies are the acts of the sheriff and the latter is made responsible therefor. (G. S. 1935, 19-805; *Pfannenstiel v. Doerfler,* 152 Kan. 479, 482, 105 P. 2d 886, and cases therein cited.) Manifestly the misappropriation of the funds by the deputy did not constitute an honest accounting to the sheriff or to the county. It follows the deputy clearly breached that portion of the bond.

It is true the bond also required the deputy to "faithfully perform such duties as may be imposed upon him by law." While the law, as above stated, imposes the duty on the sheriff to make the re-

turns on tax warrants it appears the bond was executed, at least in part, in the form of a "public-officials' bond" and it was so labeled. Strictly speaking it was not a statutory official's bond but was a bond executed by a deputy for the public official's, the sheriff's, protection. Since the deputy clearly violated his duty to honestly account we need not treat the question whether he also violated the other provision of the bond.

In view of the stipulated facts we need not deal with distinctions between contracts of indemnity against liability and contracts of indemnity against loss. That is, we need not determine in this case whether liability on the bond attached as soon as the deputy committed the wrongful and dishonest acts. Nor need we determine whether liability attached on the date of discovery of such acts. It is clear appellant's cause of action accrued not later than the date on which he actually suffered loss by the payment of the shortage on February 28, 1936. (*City of Topeka v. Ritchie*, 102 Kan. 384, 170 Pac. 1003; *Adkins v. Fry*, 38 W. Va. 549, 18 S. E. 737; *Zinc & Lead Co. v. Insurance Co.*, 152 Mo. App. 332, 133 S. W. 156; 14 R. C. L., § 23, p. 63; 21 R. C. L., § 121, p. 1080; 34 Am. Jur., Limitation of Actions, § 113.) This action was not filed until December 6, 1941, which was more than five years after appellant had actually suffered the loss. The action was therefore too late.

Appellant cites no cases in support of his interpretation of the bond. He cites only cases in support of the well-established general principle that bonds written by a surety are liberally construed in favor of the indemnitee in the event the bond is ambiguous. As previously indicated we find no ambiguity in this bond with respect to the deputy's duty to honestly account for public funds which came into his hands during the term. If this action had been filed promptly after appellant had paid the loss resulting from the deputy's dishonest conduct we certainly would not have held it to be a good defense for the deputy or his surety, appellee, to say that the sheriff's cause of action would not accrue until the end of the deputy's term of office.

We have interpreted the bond according to its terms, that is, as though the deputy actually had a term of office. The fact is he does not have a definite term of office. He is appointed by the sheriff and his appointment may be revoked at the sheriff's pleasure. (G. S. 1935, 19-805.) We think the trial court properly interpreted the bond and the judgment is affirmed.