No. 39,751

STATE OF KANSAS, *Appellee*, v. DUANE H. ANDERSON, *Appellant*.

(285 P. 2d 1073)

Opinion filed July 6, 1955.

*Harlow Preston,* and *Robert R. Jones,* both of Topeka, argued the cause, and were on the brief for the appellant.

*V. E. Danner,* special prosecutor, of Ellsworth, argued the cause, and *Harold R. Fatzer,* attorney general, and *R. E. Miller,* of Ellsworth, were with him on the brief for the appellee.

The opinion of the court was delivered by

THIELE, J.: Duane H. Anderson, found guilty of perjury as denounced by G. S. 1949, 21-701 and 54-105, his motion for new trial denied, and sentenced to the state penitentiary for a period not exceeding seven years, appeals to this court alleging errors in matters hereafter discussed.

The record discloses little dispute of fact and the contentions made by the appellant are of law. Although shown in detail in the testimony, we need not review acts precedent to the following: On August 5, 1953, Duane H. Anderson, a deputy sheriff, appeared before Gerhard Haase, judge of the county court, as a result of which Haase prepared a complaint reciting "Duane Anderson being duly sworn, on oath says that on or about the 1st day of August, 1953 . . . Gilbert Libby did then and there unlawfully, feloniously and willfully . . .": 1. Operate a car on the public highway while under the influence of intoxicating liquor; 2. Drive in excess of certain speed limitations; 3. Drive in such manner as to indicate wanton disregard for the safety of persons or property; and 4. Transport in said vehicle upon the public highways ". . . alcoholic liquors in which the original cap or seal had been broken and which was accessible to the driver or other persons in said vehicle . . ." After the complaint was prepared it was executed under circumstances later mentioned. As a result of the complaint, a warrant was issued and Libby was arrested. At his trial the state dismissed as to counts two and three of the complaint and Libby's motion to quash count four was sustained. Later in a civil action with which we need not now concern ourselves, it appeared that as to matters

included in the fourth count of the above complaint the charge was false and Anderson was arrested on a complaint charging perjury. At his preliminary hearing, in response to a question, the county attorney stated the prosecution was under G. S. 1949, 21-701. Anderson was bound over and an information was filed the substance of which charged that Haase was the judge of the county court and authorized to administer oaths and that Anderson contriving and intending maliciously to cause Libby to be arrested and charged with unlawful transportation of alcoholic liquors, unlawfully, falsely and feloniously made a false affidavit and complaint before Haase for the purpose of procuring a warrant charging Libby with the various matters referred to in the complaint above mentioned, whereas in truth and in fact Libby did not on the date stated or any other time or place illegally transport alcoholic liquors, and that Anderson well knew at the time of making the affidavit and complaint under oath that the same was wholly false, untrue and corrupt in every particular.

At the trial, and after the state had made its opening statement, Anderson moved for his discharge for the reason the opening statement did not state facts sufficient to show that an offense had been committed. Upon that motion being denied Anderson objected to the introduction of evidence because, under the opening statement, the prosecution would be under G. S. 1949, 54-105, when the preliminary hearing showed he was bound over under G. S. 1949, 21-701. The state then announced it was proceeding under both statutes, and the trial court ruled the statutes were to be construed and applied together and overruled the objection, and the trial proceeded. In view of the contentions later made our review of subsequent proceedings is limited.

The evidence disclosed that Anderson appeared before Judge Haase and made statements to him concerning Gilbert Libby as the result of which Haase prepared the complaint to which reference has previously been made as to form and content; that after the complaint was prepared Haase handed it to Anderson, who read it and signed it and handed it back to Haase who signed the jurat and affixed his official seal and thereafter issued a warrant for Libby on which he was later arrested. It was further shown that at the time the complaint was signed Anderson did not lay his hand upon the Holy Bible or raise his right hand (G. S. 1949, 54-102) nor did Haase ask Anderson specifically if he swore to the facts stated in

the complaint were true. Haase was called as a witness by Anderson and interrogated as to the matters above stated and on cross-examination was permitted to say that he believed when Anderson signed the complaint and the witness signed the jurat and affixed his seal that Anderson was swearing to the complaint, and over a specific objection that if there was any lack of ceremony in the administration of the oath that it was not designed by him or Anderson to leave Anderson unsworn. It may here be said that there was no dispute concerning or refutation of what occurred.

Before taking up the appellant's contentions we note the statutes involved, and which are:

G. S. 1949, 21-701. "Perjury. Every person who shall willfully and corruptly swear, testify or affirm falsely to any material matter, upon any oath or affirmation or declaration legally administered in any cause, matter or proceeding before any court, tribunal or public body or officer, shall be deemed guilty of perjury."

G. S. 1949, 54-105. "Falsifying oaths or affirmations. All oaths and affirmations alike subject the party who shall falsify them to the pains and penalties of perjury."

## I.

Appellant first contends that the two statutes are not cohesive and should not be construed together so that a defendant charged under the first may be found guilty under either or both of the statutes. We do not agree with appellant's contention he was charged only under the first statute. It is true that at the preliminary examination, in answer to a question, the county attorney stated it was under the first, but the information later filed was not so limited, and at the very inception of the trial it was made clear the state was relying on both statutes. We note also the appellant's contention that the second statute is too broad and too indefinite to create a new type of perjury where the strict requirements of materiality can be waived. The only authority cited is *State v. Carr*, 151 Kan. 36, 98 P. 2d 393, where it was held:

"The general rule is that a criminal statute which forbids the doing of an act in terms so vague that men of common intelligence must guess at its meaning and differ as to its application is not good." (syl. 1)

That case involved a statute pertaining to fraud in elections and reference thereto is made for the facts. On the question of sufficiency of the statute, it was said:

"That part of G. S. 1935, 21-818, providing that 'any person who shall knowingly and willfully commit any irregularity or fraud whatever with the intent to

hinder, prevent or defeat a fair expression of the popular will' at any election 'shall be deemed, guilty of a felony' does not contravene either the fifth or fourteenth amendments to the constitution of the United States or the fifth or tenth sections of the bill of rights of the constitution of Kansas, for the reason that it forbids the doing of any act in terms so vague that men of common intelligence must guess at its meaning and differ as to its application, nor for the reason it is not sufficiently explicit to inform those subject to it what conduct on their part will render them liable to its penalties." (syl. 4)

We are of the opinion G. S. 1949, 54-105, is not so vague in its terms that men of common intelligence must guess at its meaning, nor for the reason it is not sufficiently explicit to inform those subject to it what conduct on their part will render them liable under its terms.

This court has previously considered whether the two statutes should be construed together and in *State v. Gobin,* 134 Kan. 532, 7 P. 2d 57, held:

"The crime of perjury in this state is defined by R. S. 21-701 and 54-105, and it includes what was at common law separately defined as perjury and false swearing without any discrimination as to the punishment. It is by these statutes extended so as to include acts before a public body or officer and eliminates the requirement of the common law that the statement be made in a judicial proceeding." (syl. 1)

We adhere to the above rule.

## II.

Appellant contends it is not perjury to swear to a false affidavit which states no offense, and in support cites many decisions from other states and textbook authority which we need not review in view of our own decisions. We do not concede that merely because the judge of the county court quashed the particular count of the complaint against Gilbert Libby and the state did not appeal, that it is settled no offense was stated, but we need not determine that. The question now presented is whether the appellant made a false affidavit for the purpose of causing a warrant to issue for the arrest of Libby. In *The State v. Geer,* 48 Kan. 752, 30 Pac. 236, defendant was convicted of subornation of perjury, which this court, inferentially at least, said was a particular sort of perjury. He was charged with procuring Margaret Mickens to make a false affidavit to have her father, John, arrested on a criminal charge. This court said:

"There is evidence tending to show that the affidavit was intended to be used in a criminal prosecution against John Mickens. This was sufficient." (l. c. 756)

The question received further consideration in *State v. Gobin,* supra, where a number of our decisions were considered, and where it was held:

"An affidavit made before a notary public concerning the unlawful sale of intoxicating liquor and sworn to by the defendant for the purpose of being delivered to the county attorney to cause him to bring criminal proceedings against the party mentioned therein as selling the liquor—and the county attorney uses the affidavit for that purpose—is such a statement under oath as is included in the statutes of this state as a basis or ground for perjury, if the contents thereof are shown to have been intentionally false." (syl. 2)

We have no hesitancy in holding that under our statutes and decisions, a person who swears to a false statement for the purpose of having a criminal prosecution instituted against the person whom he falsely accuses, and procures the issuance of a warrant thereon under which such person is apprehended, may be prosecuted for perjury.

## III.

Appellant contends he was not under oath when he merely signed the complaint and the judge charged with administering the oath signed the same in silence and made no statements to nor asked him any questions. Our statute (G. S. 1949, 54-102) does provide that: "All oaths shall be administered by laying the right hand upon the Holy Bible, or by the uplifted right hand." and it is clear from the evidence that statutory requirements and formality were not had as they should have been. But it is common knowledge that such requirements are not always complied with strictly. The question is whether under the circumstances what was done was an utter nullity. Appellant told the county judge his version of why Gilbert Libby should be arrested and prosecuted and the judge thereupon prepared a complaint the first words of which were "Duane Anderson being duly sworn, on oath says . . ." After its completion the judge handed the complaint to Anderson, who read it, signed it, and handed it to the judge and saw him sign the jurat and affix his official seal. Surely some weight must be given to opening statements of the complaint and to the physical acts of the parties even though statutory formalities were not observed, and especially is this true in the light of the testimony of the judge that he believed Anderson was swearing to the complaint, and there was no design by either the judge or Anderson to leave Anderson unsworn. This court had occasion to treat a similar situation in *State v. Kemp,* 137 Kan. 290, 20 P. 2d 499, where a notary's testi-

mony showed none of the statutory requirements relating to the administering of an oath were observed. Disposing of a contention Kemp had not been sworn, this court said:

"Besides what has been said, Kemp went to the notary with a blank form to be made into an affidavit with a certificate that the formalities of a solemn ceremony had been observed. The purpose was to verify an answer to be filed in court, verification being necessary properly to raise the issue which the answer purported to raise. The notary had before him the certificate to be executed which if executed would declare Kemp was sworn. The notary executed the certificate. Manifestly, both parties intended that out of Kemp's visit to the notary there should come what would have the effect of administration of an oath; and the court holds that in the absence of clear proof the ceremony, or lack of ceremony, was designed by the participants to leave Kemp unsworn, the legal effect of what occurred was the same as if Kemp was sworn according to formalities prescribed for administration of an oath." (Citing cases.)

Appellant contends the above case has no application because in that case some questions were asked of the party signing the paper. The only question asked was whether the signing was the free act and deed of the signer. We can discern no sound reason for distinction here. Anderson voluntarily went to the judge and told the judge his purported facts to get a complaint prepared and a warrant issued. Appellant also seeks to distinguish that case because there the affidavit was in response to a requirement of the civil code, but we cannot conclude the essential situation there considered differed from that in the case at bar. The Kemp case recognized there are numerous decisions by able courts sustaining the contention made that no oath was administered, and that there were others with which we are more in accord. Some of these various decisions are included in an annotation in 51 A. L. R. 840, and in the A. L. R. Blue Book of Supplemental Decisions. See also 39 Am. Jur. 498, 41 Am. Jur. 10, 67 C. J. S. 7, and 70 C. J. S. 486.

In our opinion the contention discussed under this heading cannot be sustained.

## IV.

Under this heading appellant contends that the judgment of the county court quashing the fourth count of the complaint against Libby because, it is asserted, the count charged no crime, was conclusive evidence the matter contained in that count was irrelevant and immaterial and therefore did not constitute perjury. No argument is presented other than to say the authorities cited under heading III support the contention. The statements in the claim were for the purpose of having a warrant issued for Libby and were

material. Our discussion under the previous heading shows the contention cannot be sustained.

## V.

Appellant also contends the trial court should have instructed the jury as to common law offenses of a lesser degree or have held the appellant was charged with the wrong offense. In his argument appellant directs our attention to G. S. 1949, 77-109, the substance of which is that the common law as modified by constitutional and statutory law, judicial decisions and the conditions of the people, shall remain in force, but that the rule of the common law that statutes in derogation thereof shall be strictly construed, shall not be applicable to any general statute of this state, and quotes from Wharton on Criminal Law, 12th Ed., § 1600, as to fabrication of evidence; Burdick on the Law of Crime, § 300, as to fraud in the production of evidence and from some authorities mentioned in the latter text, and from 41 Am. Jur 16, that at common law the taking of a false oath, under conditions stated, was a misdemeanor. The only argument made is that appellant was charged with the wrong offense, although from the argument made we are not advised as to what appellant believes should have been the charge. It has been repeatedly held that there are no common law crimes in this state. See e. g., *The State v. Young,* 55 Kan. 349, 40 Pac. 659; *The State v. Bowles,* 70 Kan. 821, 838, 79 Pac. 726; and *The State v. Shaw,* 79 Kan. 396, 100 Pac. 78; and no lesser degree of a statutory offense can be based on any so-called common law offense. If an instruction must be given on a lesser degree, it must be predicated upon our statutory law. Appellant points out none, nor are we aware of any applicable to the facts of this case. Nor can we agree to any contention that because fabrication of evidence, fraud in the procuring of evidence or other acts may have been offenses at common law, or even though they are denounced by our statutes, any conclusion follows that under the charge and the evidence adduced, appellant was charged with the wrong offense.

## VI.

Appellant contends that the trial court erred in its instructions to the jury. He has not seen fit to include in his abstract all of the instructions given nor all parts of others of which he complains. Nevertheless we shall notice his contentions. He first complains that the trial court erred in advising the jury that both of the statutes above

quoted were applicable. That matter has been treated in I above and need not be repeated. There was no error. He also contends that a part of instruction 5 and all of instruction 6 are interrelated, and that another part of instruction 5 is wrong because it advised the jury the county court *would* have jurisdiction of the complaint and that it should have said it *did* have jurisdiction. By a process of reading sentences out of context, complaint is made that instruction 5 is inconsistent with instruction 7. At the trial no objection was made as to instruction 5 or 6, and the only objection to instruction 7 was it was error to advise the jury the oath to the complaint was material and that the county court had jurisdiction of the offense charged. As to the last mentioned complaint we are of the opinion that in view of what has been said in other parts of this opinion, there was no error. Although he made no objection at the trial, appellant objects now to instruction 11 as to the weight and consideration to be given the evidence respecting a claimed oral confession. The complaint is that the jury was not told it should be satisfied the appellant was advised of his rights and warned that what he said might be used against him. The matter of the so-called confession is treated later. We discern no reversible error in the instructions.

## VII.

Appellant complains the trial court erred in permitting Judge Haase to testify concerning whether he intended or believed appellant was under oath when the complaint was executed. We are of the opinion that the testimony was competent under *State v. Kemp,* supra.

## VIII.

Appellant contends the trial court erred in admitting testimony about the purported confession of the appellant, contending that he was not advised of his rights nor warned that what he said might be used against him and that under *State v. Seward,* 163 Kan. 136, 181 P. 2d 478, the testimony was inadmissible. At some time after the complaint mentioned had issued one Ecklund brought an action, the exact nature of which does not appear, against Schmidt, the sheriff, Anderson appellant here, and an insurance company, Anderson being represented by a competent attorney. During the course of the trial of that action certain witnesses testified to facts from which it appeared the facts stated in the mentioned complaint were false and untrue. During a recess Schmidt, Anderson and his attor-

ney and others had a conference in a jury room, at which Anderson's attorney told him he didn't have to make a statement but he, the attorney, would like to have him tell the truth, and Anderson answered that what the witnesses said was true. On the trial of the instant case the state offered testimony concerning the above, and the court in the absence of the jury heard testimony as to the statement of Anderson being voluntary, and concluded that his statements, admissions and confessions were voluntary and should be admitted in evidence. Thereafter the trial proceeded and the testimony was admitted in evidence. It probably is a misnomer to refer to Anderson's statement made at a time when there was no charge pending against him as a confession, but whether it be called a mere statement against interest, an admission or a confession, the testimony showed clearly and without any dispute whatever that Anderson's statement, admission or confession was, was induced by his own counsel. No one held out any promises to him, no one, unless it was his own attorney, coerced him, and none of the persons present at the trial of the civil suit had any obligation to warn him that what he said might later be used against him. There was no error in the admission in evidence of the testimony, and it may further be remarked no denial of any part of it.

## IX.

Appellant also contends the trial court erred in limiting the scope of his opening statement, and in excluding evidence as to the effect of the order of the county court quashing the fourth count of the complaint. A careful perusal of the record as abstracted discloses the contention cannot be sustained. It is true the trial court would not permit counsel to state what the effect of the quashing of the complaint was, the court stating that was a question of law. The record tends to show that the matter of what happened in the county court was fully shown. If any evidence was offered and refused on that phase, the record as abstracted does not disclose it. If it was offered on the hearing on the motion for a new trial, the record does not so show (G. S. 1949, 62-1414, 60-3004). And in the brief, there is no indication of what the excluded evidence may have been.

## X.

And finally appellant contends the trial court erred in restricting the cross-examination of Judge Haase as to what took place when appellant was alleged to have been sworn, and our attention is

directed to *State v. Pray*, 64 Nev. 179, 179 P. 2d 449, a prosecution for subornation of perjury, where it was said that while the state's testimony was sufficient to make a *prima facie* showing of swearing, the showing was not conclusive and the court erred in excluding a question which sought to show that no oath was in fact administered. We need not enter into any discussion of appellant's right to cross-examine. The state called Judge Haase as a witness and showed his official capacity; he identified the files in State against Gilbert Libby, all of which were admitted in evidence; he stated that he knew Anderson; that he prepared the complaint at Anderson's request; that Anderson read and signed the complaint and a warrant issued. On cross-examination Anderson inquired about the witness's procedure in administering an oath and the state objected on the ground that the jurat spoke the truth until the defense established otherwise. Later appellant called Haase and the matter was fully explored. There is no contention that at the close of the trial there was any evidence about the administration of the oath that was not brought out fully. If there was error, it was technical and did not affect the substantial rights of the appellant. On appeal this court must give judgment without regard to technical errors which do not affect the substantial rights of a defendant (G. S. 1949, 62-1718).

## XI.

A painstaking examination of the abstract, counter abstract and the briefs discloses that this was an action in which there was little, if any, dispute of fact. Appellant's interests were carefully safe-guarded throughout the trial by competent counsel who have ably presented his contentions in this court. We have concluded none of his contentions can be sustained and that the judgment of his conviction and sentence must be and the same is affirmed.