No. 40,076

GILBERT LIBBY, *Appellant,* v. WILLIAM SCHMIDT, and THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND, *Appellees,* (DUANE H. AN-DERSON, *Defendant*).

(298 P. 2d 298)

Opinion filed June 9, 1956.

*Horace A. Santry,* of Salina, argued the cause, and *John I. Young,* of Salina, was with him on the briefs for the appellant.

*V. E. Danner,* of Ellsworth, argued the cause, and *John V. O'Donnell,* of Ellsworth, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Price, J.: This was an action to recover damages for malicious prosecution. The defendants were Schmidt, sheriff of Ellsworth County, Anderson, a deputy sheriff of Ellsworth County, and The Fidelity and Deposit Company of Maryland, surety on the sheriff's official bond. The jury returned a verdict in the amount of $2,400 against all three defendants and answered special questions. The sheriff and his surety moved for judgment on the answers to special questions notwithstanding the general verdict. This motion was sustained and plaintiff has appealed from that ruling.

This is the second chapter of litigation growing out of the prosecution of plaintiff on charges filed in the county court of Ellsworth County by Anderson, the deputy sheriff. The background of the matter is set out in *State v. Anderson,* 178 Kan. 322, 285 P. 2d 1073, in which the conviction of Anderson of the charge of perjury was upheld by this court.

The instant action is to recover damages for the alleged malicious prosecution of the criminal charges against plaintiff mentioned in the Anderson case. The petition is lengthy and will not be summarized other than to state that it alleges the charges preferred against plaintiff in the complaint signed by Anderson were untrue and were made by such deputy with the encouragement, instigation and ratification by the sheriff in his official capacity, with the deliberate, willful and malicious intent on the part of both of them to injure plaintiff, all of which is denied in the answer filed by the sheriff and his surety.

In its answers to special questions the jury found (1) that at the time in question defendant Anderson was a deputy sheriff; (2) that the signing of the complaint by Anderson against plaintiff was an official act in his capacity as a deputy sheriff; (3) that defendant Schmidt, the sheriff, did not in any way encourage, instigate, confirm or ratify the signing of the complaint by Anderson against plaintiff; (4) that Schmidt did nothing illegal, malicious or wanton toward plaintiff, and (6) that Schmidt had probable cause to believe that plaintiff was intoxicated when he was brought to the

county jail of Ellsworth County following his arrest. Other special findings are immaterial to the question before us.

As heretofore stated, on motion of the sheriff and his surety the judgment was as to them set aside, but was permitted to stand against Anderson, the deputy.

The record before us is very sketchy and incomplete, and we are told that plaintiff did not procure a transcript of the evidence. Our scope of review is therefore limited.

In this state the liability of a sheriff for the official acts of his deputy is not based upon the doctrine of *respondeat superior* but on the fact that by statute the deputy is his representative for whose acts he is liable as if they had been done by himself. (*Duran v. Mission Mortuary,* 174 Kan. 565, 258 P. 2d 241.) See also *Pfannenstiel v. Doerfler,* 152 Kan. 479, 105 P. 2d 886, and *Zurbucken v. Glens Falls Indemnity Co.,* 158 Kan. 599, 149 P. 2d 617.

The statute in question, G. S. 1949, 19-805, reads:

"Each sheriff may appoint such and so many deputies as he may think proper, for whose official acts and those of his undersheriffs he shall be responsible, and may revoke such appointments at his pleasure; and persons may also be deputed by such sheriff or undersheriff in writing, to do particular acts; and the sheriff and his sureties shall be responsible, on his official bond, for the default or misconduct of his undersheriff and deputies."

In other words, under this statute a sheriff and his bondsman are liable for the *default* or *misconduct* of a deputy in the performance of an *official act* by such deputy.

In their briefs the parties discuss rules relating to the subject of malicious prosecution, but in view of the record before us such general discussion is of little assistance. We have no way of knowing the basis upon which the trial court set aside the verdict against the sheriff and his surety. It may have been due to the fact the jury in its answers to questions 3 and 4 absolved the sheriff of any wrongdoing in connection with the filing of the complaint by Anderson. If the trial court so reasoned we believe it was in error, because of the fact that under the statute a sheriff could be entirely innocent of any personal wrongdoing and still be liable for the acts of his deputy. On the other hand, it has been held many times that a judgment which is correct in result will not be disturbed on appellate review even though the reasons given for its rendition are wrong. (*Henks v. Panning,* 175 Kan. 424, 264 P. 2d 483; *George v. Ayesh,* 179 Kan. 324, 295 P. 2d 660.)

It also is possible that the trial court ruled as it did because of a

lack of evidence to support the second finding of the jury to the effect that the signing of the complaint against plaintiff by Anderson was an official act committed by him in his capacity as a deputy sheriff. Here again we are left to surmise, but in passing take note of the elementary rule to the effect that an appellant must affirmatively show error before this court will reverse. We are unable to say that plaintiff has assumed that burden.

During the oral arguments we were told that prior to plaintiff's arrest Anderson had caused an open bottle of liquor to be "planted" in plaintiff's automobile. Following plaintiff's arrest Anderson signed a complaint charging him with four offenses, one of them being unlawful transportation of an open bottle of intoxicating liquor. This is related in *State v. Anderson, supra.*

The complaint was filed in the county court of Ellsworth County. Under G. S. 1949, 20-808, the justice code of criminal procedure applied. G. S. 1949, 63-201, provides that whenever a complaint shall be made to a justice of the peace on the oath or affirmation of a person competent to testify, charging any person with the commission of a misdemeanor, a warrant shall issue. In other words, under this section a complaint may be signed by *anyone* who is competent to testify to the facts stated therein. It need not be signed by an officer. The complaint in question was not signed by Anderson as a deputy sheriff, as such. It was signed by him as an individual. We concede it can be argued that the entire transaction was carried out by Anderson in his capacity as a deputy sheriff. On the other hand, the statute (G. S. 1949, 19-805, *supra*) does not impose liability on a sheriff and his bondsman for every default or misconduct on the part of his deputy. Liability attaches only where the default or misconduct occurs in the performance of an *official act* by the deputy. In *Farmer v. Rutherford,* 136 Kan. 298, 305, 15 P. 2d 474, it was said that there is no liability upon the surety unless something is done which amounts to a violation of an official duty. In *Hitsman v. Kennedy,* 138 Kan. 564, 27 P. 2d 218, this court adhered to the rule that liability upon an official bond arises only with reference to acts of the officer which pertain to some function or duty which the law imposes upon his office, and that a sheriff and his bondsman are not liable for an unofficial act of a deputy where the act is one which the law does not require him officially to perform. On the subject generally, see 47 Am. Jur., Sheriffs, Police, and Constables, § 158, p. 932, and 80 C. J. S., Sheriffs and Constables, § 179, p. 424.

There are numerous statutes which define and set out the official duties of a sheriff, many of which may be performed by an under-sheriff or deputy. References are to G. S. 1949, and a few of them are 19-811, 19-812, 19-813, 60-3814, 60-3815, 60-3816, 79-2101 *et seq.*, and 79-3235, but we know of no statute or rule which requires a deputy sheriff to sign a complaint. In other words, the signing of a complaint is not a duty imposed on him by law. As a practical matter, when a deputy sheriff does sign a complaint, charges therein contained undoubtedly are the result of facts learned by him in his capacity as such deputy, but it does not follow that the act of signing such complaint constitutes an official act, as that term is herein defined. The act of Anderson in signing the complaint, even though false and constituting perjury, not being an official act, did not, under the statute, impose liability on the sheriff or his bondsman. The ruling of the trial court entering judgment in favor of those two defendants was correct and is affirmed.