The Honorable David P. Mikesic District Judge, Division 10 Courthouse Kansas City, Kansas 66101
Dear Judge Mikesic:
You inquire whether the formalities of K.S.A. 54-101 et seq. relating to the administration of oaths must be followed when a judge or court clerk takes an application for a marriage license. K.S.A. 1999 Supp. 23-106
provides for the issuance of marriage licenses:
 "[The] judge or clerk may issue a license upon the affidavit of the party personally appearing and applying therefor, to the effect that the parties to whom such license is to be issued are of lawful age . . . and the judge or clerk is hereby authorized to administer oaths for that purpose. Every person swearing falsely in such affidavit shall be guilty of a misdemeanor and shall be punished by a fine not exceeding $500." (Emphasis added.)
The form that you provide is entitled "Application and Affidavit for Marriage License" which contains the following verbiage:
_____________________(Name and age of Applicant) hereby makes applicati on to marry _______________(Name and age of Intended) and further applies for a marriage license addressed to any person authorized by law to unite said parties in marriage: being duly sworn says:
That said contracting parties are not related to each other in any of the degrees prohibited by law . . .
That there is no legal reason preventing such marriage, to the best of the affiant's knowledge and belief.
 ____________________________ Signature of Applicant
 Subscribed and sworn to before me this day of ___ of ______, 2000
 _____________________________ Deputy Clerk
The "Clerk's Procedure" document that you submit indicates that the clerk asks the applicant his or her age and whether there is any legal reason that the applicant knows of that would prohibit the issuance of a marriage license. If the applicant indicates that there is no such reason, the clerk inquires whether all of the information stated in the affidavit is true and correct. If the applicant answers in the affirmative, the applicant signs the affidavit and the clerk dates and signs the affidavit.
An affidavit is a written statement, under oath, sworn to or affirmed by the person making it before someone who has authority to administer an oath or affirmation.[1] K.S.A. 54-101 et seq. address the formalities of administering oaths. K.S.A. 54-102 requires that oaths be administered by "laying the right hand upon the Holy Bible, or by uplifted right hand." All oaths must commence with the words "You do solemnly swear" and conclude with the words: "So help you, God."[2]
You inquire whether a prosecution for "swearing falsely" would be successful where a clerk does not comply with the formalities of K.S.A. 54-101 et seq.
State v. Kemp[3] was a prosecution for perjury where the defendant contended that there was no proof that an oath had been administered because K.S.A. 54-102 and 54-104 were not followed. The court concluded that whether an oath had been administered was a question of fact and, therefore, considered testimony relevant to that issue:
 "[Kemp] went to the notary with a blank form to be made into an affidavit with a certificate that the formalities of a solemn ceremony had been observed. [The] notary had before him the certificate to be executed, which if executed, would declare Kemp sworn. The notary executed the certificate. Manifestly, both parties intended that out of Kemp's visit to the notary there should come what would have the effect of administration of an oath; and the court holds that in the absence of clear proof that the ceremony, or lack of ceremony, was designed by the participants to leave Kemp unsworn, the legal effect of what occurred was the same as if Kemp was sworn according to the formalities prescribed for administration of an oath."[4]
 State v. Anderson[5] was another perjury prosecution that raised the same issues as in the Kemp prosecution:
 "Appellant contends he was not under oath when he merely signed the complaint and the judge charged with administering the oath signed the same in silence and made no statements to nor asked him any questions. Our statute . . . does provide that: `All oaths shall be administered by laying the right hand on the Holy Bible, or by the uplifted right hand' and it is not clear from the evidence that statutory requirements and formality were not had as they should have been. But it is common knowledge that such requirements are not always complied with strictly. The question is whether under the circumstances what was done was an utter nullity. Appellant told the county judge his version of why Gilbert Libby should be arrested and prosecuted and the judge thereupon prepared a complaint the first words of which were `Duane Anderson being duly sworn, on oath says * * *'. After its completion the judge handed the complaint to Anderson, who read it, signed it, and handed it to the judge and saw him sign the jurat and affix his official seal.
 "Surely some weight must be given to opening statements of the complaint and to the physical acts of the parties even though statutory formalities were not observed, and especially is this true in the light of the testimony of the judge that he believed Anderson was swearing to the complaint, and there was no design by either the judge or Anderson to leave Anderson unsworn."[6]
Finally, Double S, Inc. v. Northwest Kansas Prod. Credit. Ass'n[7]
was an action to enforce an artisan's lien. The defendant argued unsuccessfully that the lien statement was not under oath because the plaintiff failed to comply with K.S.A. 54-102 and 54-104. The verbiage in the lien statement is similar to the marriage affidavit in that the applicant "being duly sworn, under oath," states that certain information is true "to the best of my knowledge and belief." The appellate court, citing Anderson and Kemp, concluded that because the lien statement was notarized and signed under oath, it should be considered as having been given under oath unless there was evidence that the lack of ceremony was intended to leave the affiant unsworn.
It is our opinion that, in a prosecution pursuant to K.S.A. 1999 Supp.23-106 for "swearing falsely" in an affidavit for a marriage license, the issue of whether an oath has been administered is a question for the trier of fact However, it appears that the Kansas appellate courts do not require strict adherence to the oath formalities of K.S.A. 54-102 and54-104.
If you have concerns with the verbiage in the affidavit and the clerk's procedure in processing marriage license applications, you may want to review K.S.A. 53-601 which codifies the ruling in theKemp case.[8] K.S.A. 53-601 provides:
"(a) Except as provided by subsection (b), whenever a law of thisstate or any rules and regulations, order or requirement adopted or issued thereunder requires or permits a matter to be supported,evidenced, established or proved by the sworn written declaration, verification, certificate, statement, oath or affidavit of a person, suchmatter may be supported, evidenced, established or proved with the same force and effect by the unsworn written declaration, verification, certificate or statement dated and subscribed by the person as true,under penalty of perjury, in substantially the following form:
. . . .
"(2) If executed in this state: "I declare (or verify, certify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
__________ (Signature)
"(b) The provisions of subsection (a) do not apply to the following oaths:
. . . .
"(2) An oath required to be taken before a specified official other than a notary public." (Emphasis added.)
It is our opinion that because K.S.A. 1999 Supp. 23-106 does notrequire that the oath be taken before a clerk or judge, the unsworn declaration set forth in K.S.A. 53-601 is an appropriate alternative to the affidavit required by K.S.A. 1999 Supp. 23-106.[9]
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] Eveleigh v. Conness, 261 Kan. 970, 978 (1997).
[2] K.S.A. 54-104 (one may "affirm" if one has "conscientious scruples against taking an oath"); K.S.A. 54-103.
[3] 137 Kan. 290 (1933).
[4] Id. at 293 (emphasis added.)
[5] 178 Kan. 322 (1955).
[6] Id. at 327 (emphasis added.) See also, State v. Seven SlotMachines, 203 Kan. 833 (1969) (despite the lack of formality in administering oath that supported an affidavit for a search warrant, the Court, relying on Anderson and Kemp, found that the record showed a "complete absence of clear proof that the ceremony or lack of ceremony was designed by the participants to leave the affiant unsworn").
[7] 17 Kan. App. 2d 740 (1992).
[8] Id. at 744.
[9] See Attorney General Opinion No. 94-84 (unsworn declaration is adequate substitute for affidavit requirement for tax amnesty program); Attorney General Opinion No. 90-64 (unsworn declaration may be used in lieu of oath for verification of signatures on petition).