ANCHORAGE SAND AND GRAVEL COMPANY, INC., and d/b/a Dimond Fabricators, Appellant,

v.

Leroy D. WOOLDRIDGE, Diana J. Wooldridge, Alaska Sea–Pack, Inc., Camero Trading, Inc., Wilburn E. Rutherford and People's Mortgage Company, Appellees.

No. 4765.

Supreme Court of Alaska.

Nov. 21, 1980.

Timothy G. Middleton and Sarah Forbes, Wohlforth & Flint, Anchorage, for appellant Anchorage Sand & Gravel Co., Inc.

Thomas J. Yerbich, Wadsworth, Stanley & Yerbich, Anchorage, for appellees Leroy & Diana Wooldridge, Alaska Sea–Pack, Inc., Camero Trading, Inc., and Wilburn E. Rutherford.

Mary Louise Molenda, Abbott, Lynch & Farney, Anchorage, for appellee People's Mortg. Co.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

CONNOR, Justice.

In this case we are called upon to determine whether a claim of lien has been adequately "verified by the oath of the claimant or another person having knowledge of the facts," as required by AS 34.35.070(c).[1] We have concluded that the claim of lien is valid and therefore reverse the ruling below.

The appeal is from a partial summary judgment, certified as final pursuant to Civil Rule 54(b), against a corporate lien claimant, the Anchorage Sand and Gravel Co., Inc. (ASG). The claim of lien set forth a statement signed by Buff V. Jacobsen alleging the facts giving rise to the claim, followed by a notary's jurat stating:

> "THIS CERTIFIES that on this 11th day of October, 1978, before me, the undersigned, a Notary Public in and for Alaska, duly commissioned and sworn as such, personally appeared Buff V. Jacobsen known to me to be the corporate Secretary of the above entitled corporation and (s)he acknowledged that (s)he signed and sealed the foregoing instrument freely and voluntarily on behalf of said corporation, being duly authorized to act on behalf of said corporation by its Board of Directors, and (s)he acknowledged that the facts recited in the above Claim of Lien are known to him/her and (s)he hereby verifies that said facts are true and correct.
>
> WITNESS MY HAND AND SEAL the day and year in this certificate first above written.
>
> /s/
> NOTARY PUBLIC in and for Alaska"

Multiple liens were filed against a tract of land occupied by a commercial facility in Anchorage. ASG was named as a defendant in one lien claimant's lien foreclosure suit, because it had asserted a materialmen's lien against the property. ASG responded with cross–claims and counterclaims seeking foreclosure of its own lien. On cross–motions for summary judgment on these claims, ASG's lien was declared invalid and partial summary judgment was entered against it. ASG, appellant, seeks to have its $40,000 lien reinstated. There are five appellees: Leroy D. Wooldridge and Diana Wooldridge (the Wooldridges), Alaska Sea–Pack, Inc., Camero Trading, Inc., and Wilburn E. Rutherford, who were owners of various interests in the property; and People's Mortgage Co. (People's), which furnished a $565,000 construction loan for a building project on the land.

The Wooldridges argue that the verification quoted above was simply a variant of a corporate acknowledgement, insufficient as a matter of law to create the statutory lien. See *H.A.M.S. Co. v. Electrical Contractors of Alaska, Inc.*, 563 P.2d 258 (Alaska 1977). People's argues there is no evidence of an oath and therefore ASG failed to even substantially comply with AS 34.35.070, as permitted by *Stephenson v. Ketchikan Spruce Mills, Inc.*, 412 P.2d 496, 499 (Alaska 1966).

ASG argues that the notary's certification that the affiant "hereby verifies" the facts, is a verification within the meaning of the statute. When a notary certifies a "certification," it is by definition certification of an oath, ASG says.

■ The Wooldridges' argument that the jurat in this case is a mere "corporate acknowledgement" is unpersuasive. In *H.A. M.S.*, we observed that:

> "Neither of the questioned claims of lien contains a certification that the facts stated in the lien claims are true. The respective jurats merely state that the person executing the document did so on

---

1. At the time the claim at issue was filed, the verification requirement was codified as AS 34.35.070(c)(5). Although Alaska's mechanics' and materialmen's statutes have been substantially revised in recent years, the verification requirement has remained substantially unchanged. *See* § 26–1–5 ACLA 1949; am ch. 89, § 1, SLA 1974; am ch. 123, §§ 1, 2, SLA 1977; am ch. 175, §§ 5, 6, 19, SLA 1978; am ch. 61, §§ 3, 9, SLA 1979.

behalf of the corporation and acknowledge that the corporation executed the document pursuant to its bylaws or a resolution of the Board of Directors." 563 P.2d at 260.

The jurat in the case at bar clearly goes further: it contains a corporate acknowledgement *plus* the following statement by a notary:

> "(s)he acknowledged that the facts recited in the above Claim of Lien are known to. him/her and (s)he hereby verifies that said facts are true and correct."

The last quoted statement is on its face a verification "that the facts . . . are true and correct." Appellees maintain, however, that the jurat does not explicitly state that the lien claimant made an oath, as specified by AS 34.35.070.

■ The operative, substantive requirement of AS 34.35.070 is that the claim be verified; that the verification be "by oath of the claimant" simply describes the means or procedure to be followed in verifying the claim. Therefore, substantial compliance with the formal requirement of an oath is sufficient.

■ As we noted in *H.A.M.S.*, to "verify" *means* to "confirm by oath." 563 P.2d at 260, n.4. Thus a jurat which "verifies" is one which may be said to evidence an oath. Technically, an "oath" involves an appeal to God, but generally speaking an oath is equivalent to an affirmation. *See* Alaska Rules of Evidence, Rule 603 and Commentary thereto. An "affirmation" is a statement by which a person signifies that he is bound in conscience to act truthfully.[2] No particular form of oath or affirmation is required by Alaska law, other than that when a notary certifies an oath or affirmation, the oath or affirmation must be made in the notary's presence. AS 44.50.070. We conclude that when a lien claimant, in the presence of a notary, affixes his signature to a written statement incorporating the necessary elements of a claim of lien, and the notary certifies this act, claimant has substantially complied with the requirement of an "oath."

■ Nor can it be said that the verification does not substantially comply with the requirement that the oath be "by the claimant or another person with knowledge of the facts." It is of no moment that the phraseology used is "*hereby* verifies," and that the claimant's signature does not follow the jurat. Such a defect, we have already ruled, is immaterial. *Stephenson v. Ketchikan Spruce Mills, Inc.*, 412 P.2d 496, 498–99 (Alaska 1966). We conclude that the verification substantially complies with the requirement of an "oath of the claimant or another person having knowledge of the facts." AS 34.35.070(c). The judgment is therefore REVERSED and REMANDED for further proceedings.

BOOCHEVER, J., not participating.

---

**2.** *See People v. Walker*, 247 Cal.App.2d 554, 55 Cal.Rptr. 726, 732 (Cal.App.), *cert. denied*, 389 U.S. 824, 88 S.Ct. 60, 19 L.Ed.2d 77 (1967); *In re Rice*, 35 Ill.App.2d 79, 181 N.E.2d 742, 745 (1962); *State v. Anderson*, 178 Kan. 322, 285 P.2d 1073, 1077–78 (Kan.1955); *Plauche–Locke Securities, Inc. v. Johnson*, 187 So.2d 178, 181 (La.App.1966); *Greenwald v. State*, 221 Md. 235, 155 A.2d 894, 897 (Md.1959), *appeal dismissed*, 363 U.S. 719, 80 S.Ct. 1596, 4 L.Ed.2d 1521 (1960); *United Services Automobile Ass'n v. Ratterree*, 512 S.W.2d 30, 33 (Tex.Civ.App. 1974).